[Crim. No. 313.   Third Appellate District.—June 17, 1915.]

In the Matter of the Application of JOHN ROBBINS, for a Writ of Habeas Corpus.

CRIMINAL LAW—HUNTING AND HAVING IN POSSESSION DEER MEAT— VIOLATION OF SECTION 626f PENAL CODE—PENALTY.—No punishment being fixed by section 626f of the Penal Code providing that every person who between the first day of November and the fifteenth day of July of the following year, hunts, pursues, takes, or destroys, or has in his possession, whether taken or killed in the state of California, or shipped into the state, from any other state, territory, or foreign country, any male deer, or any deer meat, is guilty of a misdemeanor, section 19 of the Penal Code applies and fixes the punishment of imprisonment in the county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both.

ID.—FORM OF JUDGMENT—CONSTRUCTION OF SECTION 1446 PENAL CODE. Under section 1446 of the Penal Code a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every dollar of the fine.

ID.—PRONOUNCEMENT OF JUDGMENT—WHEN VOID.—In a prosecution under section 626f of the Penal Code, where the justice of the peace, who tried the case without a jury, after hearing the evidence, attempted to pronounce judgment against the defendant in the form, "I fine him $150.00 or 150 days in jail," without first finding the defendant guilty of the charge, the purported judgment, even if sufficient in form, was void, as it lacked the necessary predicate of a judgment of guilty.

ID.—VOID JUDGMENT—RIGHT OF JUSTICE TO VACATE.—In such a case where the justice after the first attempt to pronounce judgment, pronounced judgment in the form "it appearing to me that the offense of violating section 626f of the Penal Code has been committed and that there is sufficient cause to believe the within-named John Robbins guilty thereof, I fine him $150.00 or 150 days in jail," if this second attempted rendition of judgment was void, the justice had the authority and it was his duty to erase or vacate it and render a legal and valid judgment, no commitment having been issued thereon; or if, on the other hand, the judgment as so rendered was in legal form, but prematurely rendered under the terms of section 1449 of the Penal Code, which provides in substance that after a plea or verdict of guilty, the court must appoint a time for rendering judgment and fixes the limits, unless waived, the justice had the right, and it was his duty, to vacate the judgment upon his own motion and thereafter render a proper judgment at some point within the time within which he was authorized to do so by said section; and this is true whether the rendition of judgment of sentence, either before or after the statutory time, be a mere matter of error or correctible only on appeal by the granting of a new trial.

ID.—FORM OF JUDGMENT—SUFFICIENCY OF—SECTION 1446 PENAL CODE.— Where the final judgment pronounced by the justice provided that the defendant "pay a fine of $150.00 and be imprisoned in the county jail in Tehama County until said fine is paid not exceeding 150 days," it is sufficient under section 1446 of the Penal Code, although it was not provided in terms that it might be satisfied by the payment of so much of the fine as was not satisfied by imprisonment at the rate of one dollar a day, as this is its necessary effect.

ID.—DOCKETING OF JUDGMENT—ISSUING OF COMMITMENT BEFORE.—The commitment is only a certified copy of the judgment as rendered and pronounced, and the justice has the authority to have the judgment certified to and thus put in the form of a commitment immediately upon rendering it; and the fact that the commitment was issued and the defendant delivered thereupon to the sheriff before the judgment was actually docketed, is of no significance.

APPLICATION for a Writ of Habeas Corpus originally made in the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

James T. Matlock, for Petitioner.

N. A. Gernon, District Attorney of Tehama County, and R. D. Duke, Attorney for the State Fish and Game Commission, for Respondent.

HART, J.—The petitioner was convicted in the justice's court of Red Bluff Township, Tehama County, of violating section 626f of the Penal Code, a misdemeanor, and was thereupon sentenced to pay a fine of $150.00 or be imprisoned in the county jail of said county "until said fine is paid, not exceeding 150 days." Having failed to pay the fine he was committed to the county jail.

He now insists that the judgment of sentence is null and void, that the commitment upon which the sheriff detains him is of necessity likewise affected and that consequently he is illegally restrained of his liberty.

The section under which the petitioner was prosecuted and convicted reads: "Every person who between the first day of November and the fifteenth day of July of the following year, hunts, pursues, takes, or destroys, or has in his possession, whether taken or killed in the state of California, or shipped into the state, from any other state, territory, or foreign country, any male deer, or any deer meat, is guilty of a misdemeanor."

There being no punishment by said section appropriated to the offense thus denounced, section 19 of the Penal Code fixes the penalty which may be imposed in the event of conviction in such cases. The last mentioned section reads: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both."

Section 1446 of said code provides: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every dollar of the fine."

The petitioner alleges that, upon the conclusion of the taking of the testimony at the trial before the justice, the

latter rendered judgment in the following fashion: "I fine him $150.00 or 150 days in jail"; that, thereafter, the attention of the justice was called to section 1449 of the Penal Code, which provides that, "after a plea or verdict of guilty, or after a verdict against the defendant, on a plea of a former conviction or acquittal, the court must appoint a time for rendering judgment, which must not be more than two days, nor less than six hours after the verdict is rendered, unless the defendant waive the postponement"; that, thereupon, the justice again rendered and pronounced judgment, and in doing so, read from a blank form of commitment printed upon the back of the complaint charging the defendant with the offense of which he was convicted and which form is designed for use where a felony has been examined before a magistrate and an order holding the defendant to trial in the superior court follows, the justice, however, supplying the blank spaces therein in such manner as that the judgment of conviction and sentence as then rendered and pronounced read as follows: "It appearing to me that the offense of violating section 626f of the Penal Code has been committed and that there is sufficient cause to believe the within named John Robbins guilty thereof, I fine him $150.00 or 150 days in jail." It is then alleged that, after a commitment was issued upon the judgment so rendered, and the defendant had thereupon been taken charge of by the sheriff and confined in the county jail, the justice, on the same day, again rendered a judgment in the case, which is as follows: "It is ordered, adjudged and decreed that defendant is by the court found guilty of the charge alleged in the complaint. Defendant waives time and asks that sentence be imposed at once. . . . It is ordered and adjudged that, for said offense, the said John Robbins pay a fine of $150.00 and be imprisoned in the county jail of Tehama County until said fine is paid, not exceeding 150 days."

The return controverts the facts as stated in the petition as to the proceedings involving the rendition of judgment, and an issue of fact having thus arisen in the proceeding before this court, testimony was received here regarding what transpired before the justice of the peace in the matter of the rendition of judgment.

The district attorney testified that, after the case was submitted to the justice upon the facts, the latter immediately rendered the purported judgment which was expressed in the language of the blank form of commitment and in the manner as described in the petition; that Mr. Duke, who assisted the district attorney in the trial of the case, thereupon directed the attention of the justice to the fact that, under section 1449 of the Penal Code, the defendant not having up to that time waived time for the passing of sentence, the judgment of sentence was prematurely rendered and pronounced; that, thereupon, the defendant was asked if he would waive time and then receive sentence and replied in the affirmative, and that the justice then immediately rendered the last above quoted judgment, whereby he found the defendant guilty and sentenced him to "pay a fine of $150.00 and be imprisoned in the county jail . . . until said fine be paid, not exceeding 150 days."

It was admitted at this hearing that the judgment actually entered in the docket is the one last mentioned.

The district attorney testified that there was no commitment issued upon the alleged judgment as it was originally rendered and that the petitioner was not turned over to the custody of the sheriff or imprisoned until after the imposition of the judgment actually entered in the justice's docket.

We do not regard the testimony thus given before this court as of very great importance or a finding therefrom that the proceeding involving the rendition of judgment by the justice occurred as the district attorney by his testimony before us described it as essential to the decision of the points submitted here; but, nevertheless, there having been practically no contradictory evidence upon the main points upon which the district attorney testified, we are justified in finding and do find that the judgment was rendered under the circumstances as explained by him.

Assuming that the judgment as originally attempted to be rendered was expressed in the form and manner as described in the petition, viz.: "I fine him $150.00 or 150 days in jail," then it was no judgment at all. The cause having been tried before the justice without a jury, he or his court became the arbiter of the facts, and before a penalty could be imposed, obviously a judgment of guilty would have to be by

him reached and announced. The "judgment" thus imposed or rendered was without the necessary predicate to support it, conceding, for the purposes of this case, that it was sufficient in form. No one will for a moment doubt that a proper judgment may be rendered after so remote and futile attempt had been made to render one.

If, as the petitioner rather strangely contends, the second attempted rendition of judgment was void for any of the reasons suggested by him, the justice had the authority and it was his duty to erase or vacate it and render a legal and valid judgment, no commitment having been issued thereon. (*American T. F. Co.* v. *Justice's Court,* 133 Cal. 319, 320, [65 Pac. 742, 978].) If, on the other hand, the judgment as so rendered was in legal form but prematurely rendered under the terms of section 1449 of the Penal Code, then the justice had the right, and, indeed, it was his duty, to vacate it upon his own motion and thereafter render a proper judgment at some point within the time within which he was authorized to do so by said section. And this is so, even though it is true, as the attorney for the petitioner contends, that the rendition of judgment of sentence, either before or after the time within which the statute authorizes it to be pronounced after verdict, be a mere matter of error or correctible only on appeal by the granting of a new trial. (*In re Hemstreet,* 18 Cal. App. 639, 641, [123 Pac. 984].) It would be a most unreasonable rule which would prevent the justice from correcting a mistake in the matter of rendering judgment in a criminal case of which the justice's court has jurisdiction before the commitment is issued and the judgment entered in his docket merely because the error may be corrected on appeal by the granting of a new trial. All that the case cited decides on that point is that the delay in pronouncing sentence in violation of section 1449 involves an error and does not go to the jurisdiction of the court, hence, the remedy is by appeal and not through a jurisdictional writ.

It follows, then, that, conceding the alleged judgments originally pronounced to be either void or voidable, the justice did not exceed the bounds of his rightful authority by rendering and pronouncing the judgment finally rendered and pronounced and entered in his docket.

The only question, then, is whether the judgment as finally rendered and pronounced conforms to the requirements of section 1446 of the Penal Code.  The petitioner says that it does not, and, in substantiation of his claim, refers to a number of California cases, of which, that of *Ex parte Baldwin,* 60 Cal. 432, is an exemplar, and from which alone it will be sufficient to quote in exemplification of the contention in this regard.  In that case the judgment of sentence was that the defendant "pay a fine of fifty dollars or be imprisoned in the county jail of said county for the period of fifty days."  The court said: "The judgment as rendered and entered was beyond the power vested in the justice to render, so far as it adjudged the imprisonment; as to the imprisonment of the defendant, it is void, and affords no authority to any officer to hold him in custody.  (*Ex parte Lange,* 18 Wall. 163, [21 L. Ed. 872].)  As the judgment in this case is rendered, the officer holding the prisoner in custody could not release him even if he had suffered imprisonment for forty-nine days, unless the defendant paid the whole fine."

It is, however, held differently in a later case—that of *Ex parte Riley,* 142 Cal. 125, [75 Pac. 665].  In that case the petitioner had been adjudged guilty under an ordinance making certain specified acts a misdemeanor, punishable by a fine of not less than five dollars or more than fifty dollars, and upon default in the payment of such fine as the court may adjudge the defendant shall be imprisoned in the county jail for one day for each two dollars of said fine, and the judgment was that the petitioner "pay a fine of thirty dollars, or to serve fifteen days in jail."  It was there contended that the judgment was void because it did not admit of the satisfaction by payment of so much of the fine as is not satisfied by imprisonment at the rate of two dollars a day, but the court said: "It does not, in terms, provide that it may be so satisfied, but we think it has that effect.  Whenever it is made to appear that petitioner has paid so much of his fine as remains unsatisfied by imprisonment at two dollars a day he will be entitled to his discharge."

We can see no substantial distinction between the judgment in this case and the one rendered in the Riley case, and, as in that case, so here, while the judgment does not in terms provide that it may be satisfied by payment of so much of the fine as is not satisfied by imprisonment at the

rate of one dollar a day, such is, nevertheless, its effect, and "whenever it is made to appear that the petitioner has paid so much of his fine as remains unsatisfied by imprisonment" at one dollar a day he will be entitled to his discharge.

We attach no significance to the alleged fact that the commitment was issued, and the petitioner delivered thereupon, to the sheriff before the judgment was actually docketed. Section 1428 of the Penal Code provides that "A docket must be kept by the justice of the peace or police justice, or by the clerk of the courts held by them, if there is one, in which must be entered each action and the proceedings of the court therein." Of course, a proceeding could not well be entered in the docket until after it had been had. The commitment is only a certified copy of the judgment as rendered and pronounced, and the justice has the authority to have the judgment certified to and thus put in the form of a commitment immediately upon rendering it, or, in other words, he has the legal right to issue his commitment upon rendering and pronouncing judgment. If he enters the judgment as it was actually rendered (and it should always be so entered in the docket as soon after its rendition as possible) the time at which he performs that act, which is merely ministerial, is immaterial, or, at any rate, the time at which it is entered with reference to the time of its rendition cannot affect its validity or the authority to issue a commitment thereon.

The writ is discharged and the petitioner remanded.

Chipman, P. J., and Burnett, J., concurred.