[Crim. No. 492.   Third Appellate District.—November 22, 1919.]

In the Matter of the Application of MARY M. SELOWSKY
for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—CUMULATIVE SENTENCES—CONSTRUCTION OF CODE.
Section 669 of the Penal Code, which provides, "When any person
is convicted of two or more crimes before sentence has been pro-
nounced upon him for either, the imprisonment to which he is
sentenced upon the second or other subsequent conviction must
commence at the termination of the first term of imprisonment to
which he shall be adjudged, or at the termination of the second or
other subsequent term of imprisonment, as the case may be," must
be limited to those cases where there have been two convictions
and the punishment for each is fixed at imprisonment, and is not
applicable to a case where the punishment of one of the offenses
is a fine with an alternative of imprisonment in the event the fine
is not paid.

[2] ID.—CONTEMPT—FINE—TIME FOR ENFORCEMENT.—Ordinarily, when
one is sentenced to imprisonment for contempt, the imprisonment
begins to run at once, but, where a fine is imposed, it simply be-
comes a judgment for so much money due to the people of the
state, and, like any other judgment against a party owing money
to the state, it may be enforced, before it has become barred by
the statute of limitations, either by execution or by imprisonment.

APPLICATION for a Writ of Habeas Corpus originally
made to the District Court of Appeal.   Writ discharged.

Frank J. Murphy for Petitioner.

Clarence N. Riggins, District Attorney, for Respondent.

ELLISON, P. J., *pro tem.*—This is an action for the re-
lease of the petitioner upon *habeas corpus*.   It appears from
the record that on November 19, 1917, in the superior court
of Napa County, in an action wherein the people of the
state of California was plaintiff and said Mary M. Selowsky
was defendant, a judgment was duly given, made, and en-
tered wherein it was ordered, adjudged, and decreed that the
premises therein described were, at all times recited in said
judgment, maintained by said Mary M. Selowsky as a place
of lewdness, assignation, and prostitution in violation of the
laws of the state of California, and that said premises, at

all of said times, constituted a public nuisance; said judgment decreed that said nuisance be abated and that said Mary M. Selowsky, as the owner of said premises, be perpetually enjoined from directly or indirectly maintaining or permitting such nuisance, and from directly or indirectly permitting the use of said premises, or any part thereof, for the purpose of lewdness, assignation, or prostitution, and from directly or indirectly maintaining and permitting on said premises, or any part thereof, any act of lewdness, assignation, or prostitution.

It further appears that on the ninth day of July, 1918, after due petition and notice and service made, the said Mary M. Selowsky was by order of said court adjudged guilty of contempt in violating the terms of said judgment above referred to, and she was sentenced to pay a fine of one thousand dollars, and be imprisoned in the county jail of Napa County for a period of six months. Immediately thereafter she commenced the service of such sentence, and on August 17, 1918, she was released upon bail in *habeas corpus* proceedings instituted in this court. These proceedings were followed by *certiorari* in the supreme court in which the validity of such sentence was affirmed. While petitioner was on bail another charge of contempt was preferred against her, and on June 29, 1919, she was convicted of contempt of court in having again violated said judgment by continuing to maintain a public nuisance on said premises, and, as punishment thereof, it was adjudged that she pay a fine in the sum of two hundred dollars, and that in default of payment thereof, she be imprisoned in the county jail in the county of Napa, state of California, for the term of one day for each two dollars of said fine until the same be fully paid and discharged.

Said judgment further provided: "Said term of imprisonment shall commence upon the expiration of the term of imprisonment heretofore imposed upon her by judgment made and entered in the above-entitled court and cause convicting said defendant of contempt and entered on or about the ninth day of July, 1919, and upon which judgment she has this day been committed."

Upon the second judgment of contempt, a commitment was issued on the sixteenth day of October, 1919, and delivered to the sheriff of Napa County, and under it he

retained her in custody. Since the entry of said judgment of contempt made on the twenty-ninth day of June, 1919, the defendant has served in the county jail of Napa County more than one hundred days. It is the contention of petitioner that imprisonment upon the two judgments run concurrently, and that when the judgment of her last contempt was rendered on the twenty-ninth day of June, 1919, she, being then in prison on the former judgment, the two sentences run together, and when the longer one was served she was entitled to her discharge. This contention is based upon section 669 of the Penal Code, which reads as follows: "When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

Considering this section, the supreme court said, in *Ex parte Morton*, 132 Cal. 348, [64 Pac. 469]: "This section prescribes one exception to the rule, but it does not cover the present case, because the prisoner was not convicted of the second offense until after sentence on the first conviction. There would seem to be no rational ground for a distinction between this case and the case provided for, but the distinction is clearly drawn in the statute, and we cannot hold that the provision quoted warrants the sentence under which alone the prisoner can now be held.

"The only other statutory provision for cumulative sentences called to our attention is contained in section 105 of the Penal Code, which applies exclusively to escape from the state prison.

"These exceptions seem to prove and establish the rule that in all other cases the term of imprisonment commences to run from the delivery of the convict at the prison. It must therefore be held that the direction in the second sentence of the prisoner, making it cumulative upon the first, was invalid, and that the lawful term of imprisonment has expired."

We are of the opinion that said section refers to cases where there have been two convictions and the punishment for each has been that of imprisonment. The second judg-

ment for contempt against the petitioner was not a judgment of imprisonment in the county jail. The judgment was that she pay a fine of two hundred dollars and, in default thereof, she should be imprisoned.

In *Ex parte Karlson*, 160 Cal. 378, [Ann. Cas. 1912D, 1334, 117 Pac. 447], the question of the court's power to punish for contempt was very fully considered. In that case the petitioner had been sentenced to pay a fine of two hundred dollars, and upon his failure to pay said fine to be committed to the county jail until such fine was paid at the rate of one day's imprisonment for each two dollars of the fine. After serving five days, he petitioned for his release upon *habeas corpus*, taking the position that under the section of the code, imprisonment for five days was the longest period the court could imprison him. In that case, quoting from *People* v. *Tyler*, 64 Cal. 438, [1 Pac. 887], the court said: "In the punishment inflicted, the court did not exceed its jurisdiction. It had jurisdiction to punish by fine not exceeding five hundred dollars, or imprisonment not exceeding five days, or by both. (Code Civ. Proc., sec. 1218.) In the exercise of its jurisdiction, it imposed a fine of five hundred dollars, and that exhausted its statutory power of punishment; but the committal was not an additional punishment; it was simply the written mandate or process by which the court undertook to enforce its judgment. A judgment of fine is enforceable by an execution, as on a judgment, in a civil action (Pen. Code, sec. 1214; Code Civ. Proc., sec. 1006), or by commitment under the criminal law. A person against whom such a judgment has been pronounced has, therefore, the privilege, under the law, of paying it either in money or by imprisonment. If he refuses to pay in that way, the commitment follows, as an incident to the judgment, until the judgment has been complied with according to law."

The judgment in this case against the petitioner was that she pay a fine of two hundred dollars. The provision as to imprisonment was simply added as a method that might be used to enforce the judgment in case the fine was not paid.

Section 1205 of the Penal Code provides: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied."

The sentence imposed upon the petitioner was that she pay a fine. Imprisonment was not the punishment inflicted, but was only to take place in the contingency that the fine was not paid or collected.

[1] We think the section of the Penal Code quoted, and upon which petitioner relies, must be limited to those cases where there have been two convictions and the punishment for each is fixed at imprisonment, and is not applicable to a case where the punishment of one of the offenses is a fine with an alternative of imprisonment in the event the fine is not paid.

[2] Further, it appears in this case that the commitment upon the second judgment was not delivered to the sheriff until the expiration of the term of imprisonment upon the first judgment. Counsel for petitioner takes the position that when judgment is pronounced against one convicted of contempt, it must be enforced at once, whether it be a judgment of imprisonment or a judgment that the party pay a fine. We are unable to concur in this position. Ordinarily, when one is sentenced to imprisonment for contempt, the imprisonment begins to run at once, but, where a fine is imposed, it simply becomes a judgment for so much money due to the people of the state of California, and, like any other judgment against a party owing money to the state, it may be enforced, before it has become barred by the statute of limitations, either by execution or by imprisonment.

We know of no statutory law or decision which holds that upon the imposition of a fine against a party, as punishment for contempt, execution must be issued at once to collect the money or a commitment issue directing imprisonment.

The people might well wait with the expectation that the fine might be paid and the county saved the expense of feeding the defendant, or, it might wait in expectation of finding property out of which to satisfy the judgment, and by taking either action, it would be well within its legal rights.

For the reasons above stated, the court is of the opinion that the petitioner is not entitled to her release, and the writ is discharged.

Burnett, J., and Hart, J., concurred.