[Crim. No. 2652. In Bank.—January 21, 1924.]

Ex parte W. A. GARRISON on Habeas Corpus.

[1] CRIMINAL LAW — FINE — IMPRISONMENT FOR COLLECTION OF—CONSTRUCTION OF WRIGHT ACT.—Imprisonment for a fine is not a distinct punishment, but merely a method of enforcing the payment; and the fact that the Wright Act in adopting the provisions of the Volstead Act made no provision for imprisonment for nonpayment of a fine does not prevent the justice's court from committing one found guilty of violating the act to jail in default of payment of a fine imposed.

APPLICATION for a Writ of Habeas Corpus to procure the release of petitioner, who was convicted of violating the Wright Act. Writ denied.

The facts are stated in the opinion of the court.

D. M. Edwards and J. C. Thomas for Petitioner.

THE COURT.—Petitioner seeks a writ of *habeas corpus* upon the ground that he is detained under a judgment of a justice's court of Visalia township, county of Tulare, state of California, adjudging him guilty upon three counts of a complaint charging him with a violation of the Wright Act (Stats. 1921, p. 79). The first count charged him with the possession of intoxicating liquor, the second with transporting the same, and third, with having in his possession a still and other implements in use for the manufacture of said intoxicating liquor. He alleges that a fine of five hundred dollars was imposed upon each count and that in default of payment he was committed to the county jail to be imprisoned therein at the rate of one dollar per day for each dollar of the fines so imposed. The fines were imposed October 17, 1923, and petitioner has not, therefore, served full time for the payment of any one of the several fines imposed upon him. [1] The sole question presented by the petitioner as the ground for his release is that the Wright Act in adopting the provisions of the Volstead Act (U. S. Comp. Stats., Ann. Supp. 1923, sec. 10138¼ et seq.; Fed. Stats. Ann., 1922 Supp., p. 538 et seq.), made no provision for imprisonment for nonpayment of fine, for the reason that the Volstead Act made no such provision. The question of the right of a justice's court to provide for imprisonment for nonpayment of a fine imposed under the Wright Act, where no term of imprisonment was fixed by the Volstead Act, was recently before us in *Ex parte Kennerly*, 190 Cal. 774 [214 Pac. 857]. We there determined that imprisonment for a fine was not a distinct punishment, but merely a method of enforcing the payment of a fine (*People* v. *Markham*, 7 Cal. 208; *Ex parte Kelley*, 28 Cal. 414; *Ex parte Crittenden*, 62 Cal 534; *Ex parte Miller*, 82 Cal. 454 [22 Pac. 1113]; *Ex parte Karlson*, 160 Cal. 378 [Ann. Cas. 1912D, 1334, 117 Pac. 447]). That principle

thus relied upon in *Ex parte Kennerly, supra,* disposes of the question presented by the petitioner, although it is true that the main point presented and considered in *Ex parte Kennerly, supra,* was whether or not the provisions of section 1205 of the Penal Code which prohibited imprisonment for nonpayment of fine for a longer period than was permitted for the punishment of the offense prevented such imprisonment. The argument there was that inasmuch as the Wright Act provided no term of imprisonment, that therefore section 1205 of the Penal Code prohibited such imprisonment for nonpayment of fine. We held that the judgment being imposed by a justice's court, section 1446 of the Penal Code controlled. While the question here involved was not directly presented in that case, it was involved therein and the reasoning by which the conclusion was reached that imprisonment for nonpayment of fine was proper applies equally to the petition herein.

The application is denied.