[Crim. No. 830.   Third Appellate District.—June 1, 1925.]

## THE PEOPLE, Respondent, v. MRS. FLOYD MAGONI, Appellant.

[1] CRIMINAL LAW—UNLAWFUL SALE OF INTOXICATING LIQUOR—JUDG- MENT—FINE—IMPRISONMENT FOR NONPAYMENT.—In a prosecution for the unlawful sale of intoxicating liquor, a provision in the judg- ment for imprisonment in default of payment of the fine imposed by the court is authorized.

[2] ID.—EXCESSIVE FINE—CONSTITUTIONAL LAW.—In a prosecution for the unlawful sale of intoxicating liquor, in which the defendant is convicted on both counts charged in the information, the appel- late court cannot say that a judgment providing, as to each count, that the defendant be punished by a fine of one thousand dollars and that in default of payment thereof she be imprisoned in the county jail for the term of six months, is excessive and in violation of the eighth amendment of the constitution of the United States and of section 6 of article I of the state constitution, particularly where the trial court might have inferred from the evidence that the defendant was not a novice in the unlawful sale of liquors.

[3] ID.—REMARKS OF DISTRICT ATTORNEY—REFERENCE TO BOTTLE NOT IN EVIDENCE — WAIVER OF OBJECTION. — In such a prosecution, the defendant is in no position on appeal to complain of the re- marks and testimony of the district attorney, during the presenta- tion of the prosecution's case, with reference to a "little bottle on the table," but which was not offered in evidence, where counsel for defendant made no objection to such testimony or to the re- marks by the district attorney or to the presence of the bottle in the courtroom, and the court was not asked to strike out such testimony or to instruct the jury to disregard it or the remarks by the district attorney.

[4] ID.—JUDGMENT—PART PAYMENT OF FINE.—In such a prosecution, a judgment is not fatally uncertain merely because it prescribes a definite fine and for imprisonment for a definite period in default of payment of the fine imposed, but makes no provision in case a part of the fine is paid; but in such a case, the judgment would be in more appropriate form if, after imposing a fine, it should provide "that in default thereof, the defendant be imprisoned in

---

1.   Imprisonment for nonpayment of fine, note, 12 **Am. St. Rep.** 202. See, also, 12 **Cal. Jur.** 517; 8 **R. C. L.** 269.

2.   Excessive fines, note, 35 **L. R. A.** 564.   See, also, 8 **Cal. Jur.** 650; 8 **R. C. L.** 270.

4.   See 8 **Cal. Jur.** 473.

the county jail . . . at the rate of one day for every —— dollars of said fine remaining unpaid until said fine is satisfied, not exceeding —— months."

(1) 17 **C. J.**, p. 264, n. 89; 25 **C. J.**, p. 1158, n. 61.  (2) 16 **C. J.**, p. 1358, n. 53, 54, 59, 63.  (3) 17 **C. J.**, p. 56, n. 16, p. 71, n. 47. (4) 16 **C. J.**, p. 1319, n. 92.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

William Klein for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—By separate counts in the information the defendant was charged with two unlawful sales of intoxicating liquor, alleged to have been made on different days. She was convicted on both counts. Her motion for a new trial was denied. This appeal is from the judgment of conviction.

One witness testified in detail that the defendant made the sales as alleged. The liquor described in the first count contained ten per cent of alcohol by volume and that in the second count forty-seven per cent. The defendant testified that she did not make either sale. Under such state of the evidence the implied findings of the jury are conclusive on appeal.

The judgment provides that the defendant "be punished by a fine of one thousand dollars on the first count contained in the information and that in default of payment thereof that she be imprisoned in the county jail of Lassen County, State of California, for the term of six months" and that she "be punished by a fine of one thousand dollars on the second count contained in the information and that in default of payment thereof that she be imprisoned in the county jail of the County of Lassen, State of California, for the term of six months."

[1] Appellant contends that the provisions in the judgment for imprisonment in default of payment of the fines

imposed by the court are unauthorized. The question may be considered as settled in this state contrary to appellant's contention. (*Ex parte Garrison,* 193 Cal. 37 [223 Pac. 64] ; *In re Kennerly,* 190 Cal. 774 [214 Pac. 857].)

[2] Appellant contends that "the fine is excessive and is a violation of the eighth amendment to the Constitution of the United States and of section 6, article I, Constitution of California." The question is not whether this court would have imposed the fines under consideration, but whether, as a matter of law, the sentence imposed by the trial court is violative of the constitutional provisions cited. In *People* v. *Openheimer,* 156 Cal. 733, 737 [106 Pac. 74, 77], the court said: "Whatever may be our views as to the policy of this section of the Penal Code (246), we are not warranted in saying as matter of law that the punishment of death for an assault with a deadly weapon with malice aforethought by one undergoing a life sentence in a state prison is either 'cruel' or 'unusual' within the meaning of those terms as used in our constitution. The infliction of the death penalty by any of the methods ordinarily adopted by civilized people, such as hanging, shooting, or electricity, is neither a cruel nor unusual punishment, (see *In re Kemmler,* 136 U. S. 447 [34 L. Ed. 519, 10 Sup. Ct. Rep. 930]), unless perhaps it be so disproportinoate to the offense for, which it is inflicted as to meet the disapproval and condemnation of the conscience and reason of men generally, 'as to shock the moral sense of the people.' (*People* v. *Morris,* 80 Mich. 634 [8 L. R. A. 685, 45 N. W. 591].)''

The same rule is applicable where it is contended that the fine imposed is excessive. "In order to justify the court in interfering and setting aside a judgment for a fine authorized by statute, the fine imposed must be so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. A statute does not violate the constitutional provision prohibiting excessive fines or the imposition of cruel and unusual punishments, because it authorizes a fine to be imposed for each sale of liquor without a license, for each act of extortion in charging excessive freight rates, for each animal one unlawfully may have in his possession, or for each day the statute is vio-

lated, or because it makes the deposit of each letter in a scheme to defraud a separate offense, even though the fine in the aggregate amounts to a large sum, since the punishment thus imposed is not the fault of the law but of the one who violates it.'' (16 C. J. 1358.) Whatever view may be entertained as to the wisdom of the liquor laws or the gravity of the offense of selling liquors in violation thereof, it is not to be forgotten that such a sale is violative of both the federal and the state statutes and is expressly forbidden by the national Constitution. A witness for the prosecution testified: ''Accompanied by Haacke we visited defendant's residence and had several drinks of jackass brandy served by the defendant and for which Haacke paid fifty cents per drink. Mr. Haacke asked the defendant for a pint bottle of jackass. Defendant stated that she had to be awful careful. Afterwards Mrs. Magoni brought in a pint bottle for which Haacke paid three dollars. A pint bottle of jackass, for which Haacke paid three dollars. . . . He proceeded to put it in his bib overalls, when Mrs. Magoni said, 'Don't put it there, if they catch you they will see it.' Mr. Haacke handed the bottle back to Mrs. Magoni and she wrapped it up in a paper sack. She says, 'If you meet anybody in the road, . . . dash it to the ground and break it.' '' The trial court, in fixing the amount of punishment, may have inferred from this evidence that the defendant was not a novice in the unlawful sale of liquors.

[3] During the trial there seems to have been a ''little bottle on the table'' in the courtroom. Counsel for defendant, in arguing an objection to a question put to a witness for the prosecution relative to another bottle of liquor, said, ''There are three counts in the original complaint and two counts in the information.'' The district attorney replied, ''The defendant was held on this one (apparently referring to the bottle concerning which he was questioning the witness) and not on that little bottle on the table there.'' The district attorney testified, relative to three exhibits, ''I delivered these three articles, and I believe that other bottle over there was with them, to the clerk.'' The other bottle referred to was probably the little bottle first mentioned and which was not offered in evidence. It is contended that it was error for the district attorney to refer to this little bottle under the circumstances mentioned. Counsel for de-

73 Cal. App.—6

fendant made no objection to the testimony or to the first remark of the district attorney relative to the bottle on the table or to the presence of the bottle in the courtroom. Neither was the court asked to strike out the testimony nor to instruct the jury to disregard it or the previous remark by the district attorney. Under such circumstances the appellant is not in a position to complain.

[4] Appellant urges that the judgment is fatally uncertain because "no provision is made for defendant in case a part of the fine is paid." Judgments in substantially the same form as that in question here have been upheld. (*Ex parte Riley,* 142 Cal. 124 [75 Pac. 665]; *Ex parte Chin Yan,* 60 Cal. 78; *Ex parte Ellis,* 54 Cal. 204; *Matter of Application of Robbins,* 27 Cal. App. 677 [151 Pac. 14].) It is proper to suggest that in such a case the judgment would be in more appropriate form if, after imposing a fine, it should provide "that in default of payment thereof the defendant be imprisoned in the county jail of the county of —— at the rate of one day for every —— dollars of said fine remaining unpaid until said fine is satisfied, not exceeding —— months." In order to avoid any possible uncertainty in the judgment, it is modified by adding to the part thereof herein quoted the following: "Provided that upon part payment of the amount of said fines said imprisonment shall be reduced in the proportion of such part payment to said amount."

As so modified, the judgment is affirmed.

Plummer, J., and Anderson, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1925.