[Crim. No. 2825. In Bank.—August 20, 1925.]

In the Matter of the Application of LUKE M. GLAVICH for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — POSSESSION OF INTOXICATING LIQUORS — JUDGMENT—HABEAS CORPUS.—While under section 29 of the Volstead Act, which by adoption is now a part of the Wright Act of this state, the only penalty that can be imposed for a first offense is a fine of not more than five hundred dollars, a person held under a judgment of conviction providing that he pay a fine of five hundred dollars or be imprisoned in the county jail for five hundred days is not entitled to his discharge on *habeas corpus* where it is not shown that his conviction was for a first offense; and assuming that the conviction was for a first offense, the court had jurisdiction to impose a fine not exceeding five hundred dollars, and, in addition, to direct that the defendant be imprisoned until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the amount.

(1) 29 C. J., p. 143, n. 12; 33 C. J., p. 796, n. 37.

APPLICATION for a Writ of Habeas Corpus to discharge the petitioner from the custody of the sheriff. Writ denied.

The facts are stated in the opinion of the court.

Andrew L. Pierovich and Cornelius W. Kelly for Petitioner.

1. See 8 Cal. Jur. 471; 13 Cal. Jur. 243.

THE COURT.—Application for a writ of *habeas corpus.*
The petitioner was convicted in the justice's court of a
violation of the Wright Act (Stats. 1921, p. 79), in that he
unlawfully had in his possession certain intoxicating liquor
containing more than the legal alcoholic content. The judg-
ment and sentence of the court was that petitioner "pay a
fine of five hundred dollars or be imprisoned in the county
jail five hundred days." He is now in custody under the
commitment issued on the judgment. The point of his ap-
plication for release on a writ of *habeas corpus* is, that
under section 29 of title 2 of the Volstead Act (U. S.
Comp. Stats. Ann. Supp. 1923, § 10138½; Fed. Stats.
Ann. 1919, p. 197), which by adoption is now a part of
the Wright Act, the only penalty that can be imposed for
a first offense is a fine of not more than five hundred dol-
lars. There can be no sentence to imprisonment. The
point is well taken (*Ex parte Adams,* 61 Cal. App. 239
[214 Pac. 467]), but it does not follow that petitioner is
entitled to be released from imprisonment on this ·applica-
tion.

[1] In the first place, it is not alleged, and is nowhere made
to appear, that petitioner's conviction was for a first offense.
In the second place, and assuming that the conviction was
for a first offense, the court had jurisdiction to impose a
fine not exceeding five hundred dollars, and, in addition to
imposing the fine, might have directed that the defendant
be imprisoned until the fine be satisfied, in the proportion
of one day's imprisonment for every dollar of the amount.
(Pen. Code, sec. 1446.) Such may have been the intention
of the court in this case, but in imposing an unqualified
sentence for a definite term of imprisonment it exceeded its
power. When ·petitioner has paid the fine imposed upon
him, if he be thereafter held in custody, he will be in a
position to seek his release.

The petition is denied without prejudice.