[Crim. No. 2829. In Bank.—February 25, 1926.]

In the Matter of the Application of GEORGE COHEN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VIOLATION OF WRIGHT ACT—NONPAYMENT OF FINE—IMPRISONMENT—JUDGMENT.—A judgment of the superior court, upon a plea of guilty to a charge of violating the "Wright Act," resulting from the sale of intoxicating liquors, that defendant pay a fine of a specified sum of money "or in default of payment of said fine that he be punished by imprisonment in the County Jail . . . for the term of six (6) months," though perhaps lacking in certainty, is not void because of the provision imposing imprisonment.

[2] ID.—CUMULATIVE SENTENCES.—Sections 105 and 669 of the Penal Code provide the only instances in which sentences may be made cumulative.

[3] ID.—STATE AND FEDERAL COURTS—CONCURRENT JURISDICTION.— When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted.

[4] ID.—CONVICTION IN FEDERAL COURT—SUBSEQUENT PLEA OF GUILTY IN STATE COURT—JURISDICTION—STAY OF JUDGMENT.—Where, notwithstanding he had been convicted and judgment had been entered in the United States district court on the day previous, defendant voluntarily came into the state court and pleaded guilty to a charge of violating the "Wright Act," and no objection was made thereto by the federal authorities, in whose custody he was at the time, it must be presumed that defendant was properly before the state court; but, as the federal court first assumed juris-

---

1. See 8 Cal. Jur. 473; 8 R. C. L. 269.

2. Power to impose cumulative sentences, note, 7 L. R. A. (N. S.) 124. See, also, 8 Cal. Jur. 657; 8 R. C. L. 240.

diction over defendant, the judgment of the state court had to be stayed pending the satisfaction and exhaustion of the federal judgment.

[5] ID.—CUMULATIVE SENTENCES—IMPRISONMENT AND FINE.—Assuming that section 669 of the Penal Code applies to a case where the respective judgments are entered by different sovereignties, that section can have no application where the judgment entered by the one sovereignty (federal) imposes a sentence of confinement, but that entered by the other (state) inflicts a fine alone, with an alternative of confinement in the event the fine is not paid.

[6] ID.—STAY OF JUDGMENT—SUBSEQUENT EXECUTION.—Where, the next day after a defendant is convicted and judgment is entered in a United States district court, he voluntarily comes into a state court and pleads guilty to a charge of violating the "Wright Act," and said state court, at the time of imposing sentence and without his consent, of its own motion, makes a minute order staying the execution of its judgment until the expiration of the sentence imposed by the federal court, it cannot be held that such minute order was intended to extend to defendant the probationary privileges provided for in section 1203 of the Penal Code; and, after said defendant has been discharged from service of the sentence of the federal court, he may be taken into custody pending the execution of the state judgment.

(1) 16 C. J., p. 1308, n. 30.    (2) 16 C. J., p. 1371, n. 47.    (3) 15 C. J., p. 1161, n. 60.    (4) 16 C. J., p. 1332, n. 22; 29 C. J., p. 167, n. 57.    (5) 16 C. J., p. 1374, n. 96.    (6) 16 C. J., p. 1374, n. 96.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody after judgment of conviction of a violation of the Wright Act. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Donald McKisick and Wallace Shepard for Petitioner.

J. J. Henderson, District Attorney, and Wm. A. Green, Deputy District Attorney, for Respondent.

LAWLOR, J.—The petitioner alleges that he is unlawfully imprisoned in the county jail of the county of Sacra-

6.   See 8 R. C. L. 255.

mento; that on the fourteenth day of March, 1924, he pleaded
guilty in the superior court of the said county to a charge
of violating the "Wright Act" (Stats. 1921, p. 79), result-
ing from the sale of intoxicating liquor in that county;
that upon said day the superior court pronounced judgment
by which it was decreed that he pay a fine in the sum of
one thousand dollars "or in default of payment of said fine
that he be punished by imprisonment in the County Jail . . .
for the term of six (6) months"; that a warrant of commit-
ment on said judgment was issued out of the superior court
on said fourteenth day of March, 1924; that at the time
of imposing said sentence and without his consent said
superior court, of its own motion, made a minute order
staying the execution of said judgment for a period of fif-
teen months; that said order of stay was made by the su-
perior court because of the fact, as petitioner alleges, that
he had, on the preceding day, to wit, March 13, 1924, been
sentenced by the northern division of the United States dis-
trict court for the northern district of California, to serve
a term of fifteen months in the said county jail of Sacra-
mento County; that on the seventh day of March, 1925, the
petitioner was duly discharged from the county jail and
the further service of the sentence imposed by the said dis-
trict court of the United States; that he remained at large
until July 7, 1925; that upon said day "said Sheriff, without
any warrant, authority or process of law, seized upon and
imprisoned the petitioner, and has ever since held him pris-
oner in said county jail at Sacramento, California, wholly
on pretense that by reason of said purported stay of execu-
tion the sentence pronounced by the Superior Court on the
14th day of March, 1924, has not been served and that he
should be imprisoned for six months next after the 7th
day of July, 1925"; that application for a writ of *habeas
corpus* was first made on July 26, 1925, to the district court
of appeal, third appellate district, and was denied without
prejudice; that on July 28, 1925, a similar application was
made to the same court and was likewise denied; that there-
after application was made to the supreme court, which ap-
plication was denied on August 1, 1925; that on August 24,
1925, a further application was presented to said district
court of appeal "on grounds not presented on previous ap-
plications" and was denied; that this application is made

"upon the grounds last presented to said District Court of Appeal, viz.:

"1. The sentence imposed imprisonment as a punishment, therefore that part of the sentence providing for imprisonment is void.

"2. Unless it were a probationary measure, the order affecting to stay execution of the sentence was void.

"3. As a matter of fact there were not circumstances existing under which the Court had authority to stay execution of the sentence consequently the purported stay of execution was without effect.

"4. The purported stay of execution was made for the purpose of rendering the sentence imposed by the Superior Court cumulative upon the sentences imposed by the District Court of the United States which neither the Superior Court nor the Judge thereof had power to do.

"5. Petitioner was imprisoned at the place appointed upon a regular commitment issued upon the sentence for more than six months next after the date thereof, and therefore the sentence has been fully executed.

"6. That the only ground for petitioner's continued imprisonment is the purported stay of execution, and he is therefore deprived of his liberty without any warrant, process or authority of law."

[1] 1. In support of this contention it is urged that "A sentence which imposes a fine, or imprisonment in default thereof is bad, when it cannot be determined whether imprisonment is provided as punishment or as means of collecting the fine. *Brownbridge* v. *People*, 36 Mich. 751." Under the authority of *People* v. *Magoni* (Cal. App.), 238 Pac. 112, the contention is without merit. Petitioner attempts to distinguish the judgment entered in the Magoni case from the one here. We find no basis for the attempted distinction. Because of the similarity between the sentence in the instant case and that in the Magoni case we will set forth the facts and holding of the latter adjudication. The defendant was there charged by information with two unlawful sales of intoxicating liquor and was convicted on each count. The judgment provided that on each of the two counts she be punished by a fine of one thousand dollars and "that in default of payment thereof that she be imprisoned in the county jail . . . for the term of six months." The

appellant in the Magoni case contended, as petitioner contends here, that the provisions of the judgments for imprisonment in default of payment of the fines imposed were void. The district court of appeal declared: "The question may be considered as settled in this state contrary to appellant's contention. (*Ex parte Garrison,* 193 Cal. 37 [223 Pac. 64]; *In re Kennerly,* 190 Cal. 774 [214 Pac. 857].) . . . Appellant urges that the judgment is fatally uncertain because 'no provision is made for defendant in case a part of the fine is paid.' Judgments in substantially the same form as that in question here have been upheld. (*Ex parte Riley,* 142 Cal. 124 [75 Pac. 665]; *Ex parte Chin Yan,* 60 Cal. 78; *Ex parte Ellis,* 54 Cal. 204; *Matter of Application of Robbins,* 27 Cal. App. 677 [151 Pac. 14].) It is proper to suggest that in such a case the judgment would be in more appropriate form if, after imposing a fine, it should provide 'that in default of payment thereof the defendant be imprisoned in the county jail of the county of —— at the rate of one day for every —— dollars of said fine remaining unpaid until said fine is satisfied, not exceeding —— months.' [See sec. 1205, Penal Code]." The Magoni case, involving as it did an appeal from the judgment the court properly modified it (sec. 1260, Pen. Code) in accordance with the views expressed in the opinion. The modification, however, added nothing to the validity of the judgment. As originally entered it was valid, though perhaps lacking in certainty, which, in our view, may be said of the judgment at bar.

2–6. These several contentions, numbered 2 to 6 and set forth above, may properly be grouped, for, in effect, each attacks the validity of the order staying execution of the judgment and declares it to be void and in excess of the jurisdiction of the superior court, thus rendering the petitioner's present confinement illegal and void.

It is contended by the petitioner that the order staying execution of the judgment is void for "Cumulative sentences cannot be imposed except where they are authorized by sections 105 and 669 of the Penal Code." It is, in effect, urged that the provisions of section 669 do not authorize the stay, for the reason that the judgment of the federal tribunal had been rendered the day preceding the entry of judgment by the state court.

[2] We are in accord with *Ex parte Casey*, 160 Cal. 357, 358, [116 Pac. 1104], and other cases holding that sections 105 and 669 provide the only instances in which sentences may be made cumulative. The stay of execution, in the instant case, was not made under the provisions of section 105. In view of the language of section 669—"before sentence has been pronounced upon him for either"—it cannot be said that petitioner's contention would not have some foundation if the two judgments had been pronounced in the state court, for the question of guilt had not been determined on both charges before either judgment was pronounced. But here there is a diversity of sovereignty and the judgment was pronounced in the federal forum before the charge was determined in the state forum. Hence, the question remains whether section 669 may properly be said to have application to a case where, as here, one of the judgments is rendered by a state forum and the other by a federal forum. We do not find it necessary to decide this question for, even assuming that section 669 does apply to such a case, the writ must, nevertheless, be discharged for other reasons.

[3] As already indicated, the petitioner had been convicted and judgment entered in the said United States district court on the day preceding his conviction and the entry of judgment in the state court. Therefore, at the time judgment was pronounced in the state court the petitioner was a federal prisoner and, under these circumstances, the question presented is whether the state of California could exercise jurisdiction over petitioner pending the execution of the federal judgment.

The case of *Ponzi* v. *Fessenden*, 258 U. S. 254 [22 A. L. R. 879, 66 L. Ed. 607, 42 Sup. Ct. Rep. 309, see, also, Rose's U. S. Notes Supp.], gives a negative answer to this question. The supreme court there declared: "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. . . .

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into

its control, whether this be person or property, must be permitted to *exhaust its remedy,* to attain which it assumed control, before the other court shall attempt to take it for its purpose. . . .

"There is no express authority authorizing the transfer of a federal prisoner to a state court for such purposes. Yet we have no doubt that it exists and is to be exercised with the consent of the Attorney General. . . .

"Nor, if that be here important, is there any difficulty in respect to the execution of a second sentence. It can be made to commence when the first terminates. . . ." (Italics added.)

Other federal cases affirming the rule that "When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted" are *Patterson* v. *Veasey,* 295 Fed. 163, 165, *United States* v. *Twenty-six Cases of Intoxicating Liquors,* 287 Fed. 542, *Harlan* v. *Harlan,* 281 Fed. 602, 603, *Harkrader* v. *Wadley,* 172 U. S. 148, 164 [43 L. Ed. 399, 19 Sup. Ct. Rep. 119, see, also, Rose's U. S. Notes], and *United States* v. *Van Fossen,* 1 Dill. 406, 411.

[4] In the instant case, quoting the language of the district attorney at the oral argument, the petitioner "came into court voluntarily." The petitioner having come into the state court voluntarily and no objection having been made thereto by the federal authorities, in whose custody he was at the time, it must be presumed that petitioner was properly before the state court. But, as the federal court first assumed jurisdiction over petitioner, it follows from the principle enunciated by the foregoing authorities that the judgment of the state court had to be stayed pending the satisfaction and exhaustion of the federal judgment.

As additional reasons for the discharge of the writ we will consider two other grounds urged by the respondent against petitioner's release, namely, (1) that the provisions of section 669 do not apply where one judgment is directly for imprisonment and the other is for a fine with alternative imprisonment; and (2) that where no part of a judgment has been served and there is no question of probation

the accused, if he be at large, may be taken into custody in execution of the judgment.

[5]    (1) Assuming that section 669 applies to this case where the respective judgments were entered by different sovereignties, *Ex parte Selowsky,* 44 Cal. App. 421 [186 Pac. 608], properly interprets its provisions. The court there declared: "We are of the opinion that said section [669] refers to cases where there have been two convictions and the punishment for each has been that of imprisonment. The second judgment for contempt against the petitioner was not a judgment of imprisonment in the county jail. The judgment was that she pay a fine of $200, and, in default thereof, she should be imprisoned. . . .

"The sentence imposed upon the petitioner was that she pay a fine. Imprisonment was not the punishment inflicted, but was only to take place in the contingency that the fine was not paid or collected.

"We think the section of the Penal Code quoted [669] and upon which petitioner relies must be limited to those cases where there have been two convictions and the punishment for each is fixed at imprisonment, and is not applicable to a case where the punishment of one of the offenses is a fine, with an alternative of imprisonment in the event the fine is not paid."

In view of *Ex parte Selowsky, supra,* it cannot be held that section 669 is applicable here, where the judgment entered by the one sovereignty (federal) imposed a sentence of confinement, but that entered by the other (state) inflicted a fine alone, with an alternative of confinement in the event the fine was not paid. This reason would seem sufficient, of itself, for a discharge of the writ.

[6]    (2) *Ex parte Clark,* 70 Cal. App. 243 [234 Pac. 109], declares in part: "Section 1203 of the Penal Code first confers upon the court authority in the cases to which it applies, 'to place the defendant upon probation as hereinafter provided.' The subdivision relating to suspension of imposing of sentence, or of execution thereof, is a part of the process of admitting to probation as authorized by the general provisions of the section. It does not purport and should not be construed to authorize suspension of execution of the sentence except as an incident to the granting of probation, for by implication it declares the

opposite intention. Therefore, in order to reach the conclusion that the suspension was within the authority of the court, it must be determined first that the order was, in effect, an order admitting to probation. But in the present case this cannot be so determined for the two sufficient reasons: First, that the order itself states that the application for probation is denied, and, second, because it attempts to retain the defendant in actual custody. We hold, therefore, that the order suspending execution of judgment in the principal case was void, and that the judgment itself has not been satisfied by the expiration of a term of probation. This being so, there appears to be no reason why the defendant may not be taken into custody and compelled to submit to imprisonment in the state prison as required by the terms of the judgment.''

Keeping in view the circumstances of the instant case, it cannot be held that the order of the superior court suspending execution of its judgment was intended to extend to the petitioner the probationary privileges provided for in section 1203 of the Penal Code—the sole purpose of the order being to defer to the exercise of authority by the federal jurisdiction. It follows, therefore, that the ''judgment itself has not been satisfied by the expiration of a term of probation'' and ''there appears no reason why the defendant may not be taken into custody and compelled to submit to imprisonment . . . as required by the terms of the judgment'' or, as in this case, being retained in custody pending the execution of the state judgment.

Upon the three indicated grounds the writ of *habeas corpus* is discharged and the petitioner remanded to custody.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., Seawell, J., and Lennon, J., concurred.