[Crim. No. 3129.  In Bank.—October 26, 1928.]

In the Matter of the Application of JOHN IRVIN for a Writ of Habeas Corpus.

Cooper & Collings for Petitioner.

E. J. Lickley, City Prosecuting Attorney, and Joe W. Matherly and F. W. Fellows, Deputies Prosecuting Attorneys for Respondent.

WASTE, C. J.—Complaints were filed against the petitioner in the municipal court of the city of Los Angeles, charging him with the unlawful possession of intoxicating liquor and the unlawful sale of intoxicating liquor, after prior convictions of similar offenses, all in violation of the provisions of the Wright Act (Stats. 1921, p. 79). Upon arraignment, the defendant pleaded guilty to the offense of the sale of intoxicating liquor, as charged in the complaint, and admitted the prior conviction. He also pleaded guilty to the unlawful possession of intoxicating liquor. Thereafter the court pronounced judgment and sentence that, for the crime of unlawful possession of intoxicating liquor, the petitioner pay a fine of five hundred dollars, or, in default thereof, be imprisoned in the city jail of the city of Los Angeles in the proportion of one day's imprisonment for each and every dollar of said fine, until the fine was wholly satisfied, not exceeding fifty days; and that, for the crime of the sale of intoxicating liquor after prior conviction of a similar offense, the petitioner pay a fine in the sum of two hundred dollars and be imprisoned in the Los Angeles city jail for the term of eighteen months.

In this proceeding the petitioner contends that the municipal court of the city of Los Angeles was without jurisdiction to entertain the complaints, and, further, that, if the offense was a misdemeanor only, the imprisonment imposed was in excess of the court's jurisdiction, it being his contention that the offense was one for which the court could impose only a fine.

The contention that the court was without jurisdiction is answered by the decision of this court in *In re Steiger* (Crim. No. 3081), *ante*, p. 408 [271 Pac. 201], this day handed down. The question is not new, and the decisions cited in the Steiger case dispose of the matter.

The penalties imposed upon the petitioner were not in excess of the court's jurisdiction. Section 29 of the Volstead Act (27 U. S. C. A., sec. 46), prescribing the penal provisions which were adopted in the California Prohibition Act, provides that "any person who manufactures or sells liquor in violation of [the act] shall for a first offense be fined not more than $1000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2000 and be impris-

oned not less than one month nor more than five years.''

The provision in the first commitment directing the imprisonment of the defendant until the fine be satisfied in the proportion of one day's imprisonment for each and every one dollar of the fine, not exceeding fifty days, was proper. (*In re Kennerly*, 190 Cal. 774 [214 Pac. 857].) The fact that the Volstead Act makes no provision for imprisonment for nonpayment of a fine did not prevent the municipal court from committing the petitioner to jail in default of payment of the fine imposed. In the absence of such provision, section 1446 of the Penal Code controls. (*Ex parte Garrison*, 193 Cal. 37 [223 Pac. 64].)

The writ is discharged and the petitioner is remanded.

Seawell, J., Shenk, J., Curtis, J., and Preston, J., concurred.