[Crim. No. 1095. Third Appellate District.—November 15, 1929.]

In the Matter of the Application of C. HUEWITT for Writ of Habeas Corpus.

Henry L. Ford for Petitioner.

S. E. Metzler, District Attorney, and A. G. Bradford, Assistant District Attorney, for Respondent.

THOMPSON (R. L.), J.—This is a petition for a writ of *habeas corpus*.

The petitioner was held upon two charges. Since the filing of this petition the second complaint was dismissed. We have to consider only the first proceeding.

The petitioner was charged in the Justice's Court of Eureka township, Humboldt County, with the offense of having possession of intoxicating liquor. To this accusation he pleaded guilty and was sentenced to pay a fine of $400, for the nonpayment of which he was committed to the county jail one day for every unpaid dollar thereof. The memorandum of this judgment, which was entered in the justice's docket, recited that the defendant should be punished by "a fine of four hundred dollars, or serve a term of six months in the county jail of the county of Humboldt." From the stipulation of facts which was filed in this proceeding it appears that the judgment and order of commitment, which were actually made and signed by the justice, provided that the defendant should "pay a fine of four hundred dollars, and in case said fine be not paid that . . . (he) be imprisoned in the county jail of the county of Humboldt, State of California, until the fine be duly satisfied, in the proportion of one day's imprisonment for every dollar of the fine but not to exceed in all six months."

It is contended this judgment is void as to the provision imposing the sentence of imprisonment for the reason that the statute authorizes no penalty of imprisonment for the first offense, and because the docket entry of the judgment does not conform to the provisions of section 1446 of the Penal Code.

The language of the memorandum which was entered in the docket might well have been more specific, but this precise form has been repeatedly upheld as a sufficient compliance with the statute. (*In re Glavich,* 74 Cal. App. 144 [239 Pac. 707, 708]; *In re Riley,* 142 Cal. 124 [75 Pac. 665]; *In re Cohen,* 198 Cal. 221, 225 [244 Pac. 359]; *People* v. *Magoni,* 73 Cal. App. 78, 82 [238 Pac. 112].) In the Glavich case, *supra,* the judgment provided that "the defendant . . . pay a fine of five hundred dollars or (that he) be imprisoned in the county jail for five hundred days." In the Riley case, *supra,* the language of the judgment was that the defendant "pay a fine of thirty dollars or . . . serve fifteen days in the county jail." These judgments were sustained on the assumption that where the intention

of the court is clear and the sentence which is prescribed is within the law, the statute will be deemed to be a part of the judgment for the purpose of fixing the rate of credit to which the prisoner is entitled in serving his term of imprisonment. ■ When the Superior Court has jurisdiction of the cause, section 1205 of the Penal Code applies in fixing the rate of credit and the maximum term of imprisonment. When the Justices' or Police Courts have jurisdiction of the offense, section 1446 of the Penal Code prevails. This section provides that: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the fine."

Under this section the ratio of imprisonment is definitely fixed at one day for each dollar of the fine. The statute prescribes no limitation of the maximum term of imprisonment as a means of satisfying a fine which is applicable to inferior courts. In this regard, it has been held there is a clear distinction between the provisions of section 1205 of the Penal Code, which is applicable to the Superior Court alone, and section 1446 of the same code, which governs the ratio of imprisonment for the payment of a fine imposed by an inferior court. (*In re Kennerly,* 190 Cal. 774 [214 Pac. 857].)

■ The language of the justice's docket memorandum of judgment was not controlling. This docket entry may be amended by the justice to conform to the judgment as it was actually rendered. (*In re Glavich,* 74 Cal. App. 144 [239 Pac. 707].) The judgment which was actually rendered and signed by the justice in the present case, in effect, ordered that the defendant be fined $400, or in the event of a failure to pay the same, that he be imprisoned in the county jail one day for each unpaid dollar of the fine, provided, however, that the term of imprisonment was not to exceed six months' duration. ■ This was a valid judgment which neither violated the provisions of section 1446 of the Penal Code nor exceeded the maximum penalty for this offense which is prescribed by statute. (*In re Glavich,* 196 Cal. 723 [239 Pac. 708].) It does not appear from the record whether the defendant was charged with a first or subsequent offense. Assuming that it was his first offense he was subject to a fine of $500 or imprisonment one day for

every one dollar thereof. ■ For the first offense of this nature the statute provides for no penalty of imprisonment distinct from the authorization to impose a fine. But this omission does not preclude the court from committing the prisoner to jail as provided by law for the nonpayment of the fine which the court is authorized to impose. (*Ex parte Garrison,* 193 Cal. 37 [223 Pac. 64].) ■ When a statute prescribes a maximum penalty of imprisonment for a crime of which the Superior Court has jurisdiction, the judgment may not exceed the maximum term, even as a means of enforcing the payment of the fine. (Sec. 1205, Penal Code.) This limitation of imprisonment to enforce the payment of a fine does not apply to judgments of inferior courts. (*In re Kennerly,* 190 Cal. 774 [214 Pac. 857].) No limitation of the term of imprisonment in the present case, as a means of enforcing the fine exists, except that it may not exceed one day for each dollar of the fine. ■ A maximum term of imprisonment of 400 days to satisfy the fine might have been legally imposed, instead of 180 days, which the court did fix. The prisoner, however, may not complain of this discretion which was exercised in his favor. When the fine was satisfied by the payment thereof or by service of imprisonment for 180 days, the prisoner would be entitled to his liberty.

■ There is the further constitutional inhibition against excessive fines or cruel and unusual punishment. (Const., art. I, sec. 6.) The present judgment does not violate this constitutional provision. (*In re Kennerly, supra; People* v. *Magoni,* 73 Cal. App. 78 [238 Pac. 112].) It does not purport to impose a penalty of imprisonment independent of the commitment which is authorized as a means of enforcing the payment of the fine. It has been definitely determined that imprisonment for the nonpayment of a fine is not a distinct punishment but is merely a means of enforcing the payment of a fine. (*Ex parte Garrison, supra.*)

The judgment is therefore valid.

The writ is denied.

Finch, P. J., concurred.