[Civ. No. 1948.   First Appellate District.—July 13, 1917.]

ERNEST WILDENHAYN, Petitioner and Respondent, v. JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

JUSTICES' COURTS—AMENDMENT OF RECORDS.—A justice's court, as well as a court of record, has the inherent power to amend its records so as to make them speak the truth with respect to the actual orders which it makes.

ID.—ORDER SETTING ASIDE DEFAULT—OMISSION OF TERMS—POWER OF CORRECTION—CERTIORARI.—Where an order of a justice's court setting aside a default, as entered in the clerk's record of the court, through inadvertence failed to contain any provision for the payment of costs by the defendant as required by section 859 of the Code of Civil Procedure, the court has power to order its record to be corrected, and the finding and decision of the court that the order was inadvertently entered is conclusive upon the superior court upon the hearing of a writ of review to annul the order.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Samuel B. Russell, for Appellants.

Peirce Coombes, for Respondent.

RICHARDS, J.—This is an appeal from a judgment rendered upon an application for a writ of *certiorari* whereby the trial court annulled an order of the justice's court of the city and county of San Francisco vacating and setting aside a default judgment in an action before it.

The record shows the following to be the facts: On or about September 15, 1915, the plaintiff herein commenced an action in said justice's court against C. E. Herrick, Incorporated, to recover the sum of $142 and caused summons therein to be forthwith issued and served. On September 23, 1915, judgment by default was rendered against said defendant. On September 28, 1915, the defendant moved for an order vacating and setting aside said default judgment and permitting said defendant to appear and plead therein. Said motion was heard on October 1, 1915, by Justice Frank T. Deasy, in whose court said action was pending, and on said last-named day the justice made an order granting said motion. The said order as it was then entered in the clerk's record of said court did not contain any provision for the payment of costs by the defendant as a condition of granting said motion, as required by section 859 of the Code of Civil Procedure. The defendant thereupon filed its answer. On October 6, 1915, the plaintiff moved said justice's court for an order setting aside its last above-named order vacating the default judgment, upon the sole ground that the court had not jurisdiction to make the same in the form in which it appeared to have been made on the records of the court, it being the contention of the plaintiff that such order, in the absence of a condition requiring the payment of costs by the defendant, was void. On February 3, 1916, Justice Frank T. Deasy made and entered an order reciting that its order of October 1, 1915, at which the motion was aimed, as entered in the minutes of said court, failed through inadvertence to contain the terms of the actual order as given by the court upon the date thereof, in that from the said minute order was omitted the requirement as to the payment of costs which the actual order made in open court had contained; and the justice therefore ordered the minutes of his court to be corrected in that regard, and thereupon denied the plaintiff's said motion; whereupon the plaintiff applied to the superior court for a writ of review, and the said court, with the record of the justice's court showing the above facts before it, annulled

the last-named order of the justice's court, the effect of which was also to work an annulment of the former order of the justice's court as the same appeared upon its unamended minutes. From that judgment the defendant prosecutes this appeal.

The first and in fact the only question presented upon this appeal is as to whether or not a justice's court has the right to amend its records so as to make them speak the truth with respect to the actual orders which it makes. This inherent power courts of record have always possessed and exercised, and their action in so doing has in this state been uniformly upheld. (*Hall* v. *Polack*, 42 Cal. 218; *Bostwick* v. *McEvoy*, 62 Cal. 496; *Wiggin* v. *Superior Court*, 68 Cal. 398, [9 Pac. 646]; *Crim* v. *Kessing*, 89 Cal. 478, 486, [23 Am. St. Rep. 491, 26 Pac. 1074]; *Egan* v. *Egan*, 90 Cal. 15, [27 Pac. 22]; *Kaufman* v. *Shain*, 111 Cal. 16, [52 Am. St. Rep. 139, 43 Pac. 393]; *Dickey* v. *Gibson*, 113 Cal. 26, [54 Am. St. Rep. 321, 45 Pac. 15]; *People* v. *Curtis*, 113 Cal. 68, [45 Pac. 180]; *People* v. *Durrant*, 116 Cal. 179, [48 Pac. 75]; *Scamman* v. *Bonslett*, 118 Cal. 93, [62 Am. St. Rep. 226, 50 Pac. 272]; *Homeseekers' L. Assn.* v. *Gleeson*, 133 Cal. 312, [65 Pac. 617].) We can discover no reason, and we are referred to no authority, denying the possession of a like inherent power in courts not of record in proper cases. Upon the record before us this would seem to have been a proper case for the exercise of such a right by the judge of the justice's court; and his finding and decision that the order in question was inadvertently entered in the minutes of his court in an erroneous form was conclusive upon the trial court upon the hearing on a writ of review, whose only power was that of reviewing the jurisdiction of the lower tribunal to make such an order in any case.

It must be conceded that if in fact the order as made by the justice in open court did comply with the requirements of section 859 of the Code of Civil Procedure, and if in fact the order as entered in the minutes of the court inadvertently omitted a condition essential to its validity which the actual order contained, a grave and irremediable injury would be done the defendant in the denial to it of the right to have a hearing upon the merits of the case.

Judgment reversed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.