[Crim. No. 878. Third Appellate District.—August 12, 1925.]

In the Matter of the Application of LUKE M. GLAVICH for a Writ of Habeas Corpus.

[1] Justice's Court—Unlawful Possession of Intoxicating Liquor Judgment—Amendment of Records.—In a prosecution in a justice's court on the charge of unlawful possession of intoxicating liquor, where the judgment pronounced imposes a fine of five hundred dollars and directs that the defendant be imprisoned

---

"until the fine be duly satisfied, in the proportion of one day's imprisonment for every dollar of the fine; and on the payment of such portion of such fine as shall not have been satisfied by imprisonment, at the rate above specified, that you be discharged from custody," but the justice of the peace makes only a synoptical entry of said judgment in his docket to the effect that defendant "pay a fine of $500 or be imprisoned in the county jail 500 days," the justice's court has power thereafter, and after defendant has made application for a writ of *habeas corpus,* to amend its records so as to make them speak the truth with respect to the judgment it actually pronounced.

(1) 16 **C. J.,** p. 375, n. 31.

PROCEEDING in Habeas Corpus to secure release of petitioner after conviction in Justice's Court. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Clifford A. Russell, A. L. Pierovich and Neal Kelly for Appellant.

Wm. G. Snyder for Respondent.

FINCH, P. J.—Upon the application of petitioner a writ of *habeas corpus* was issued herein and the petitioner was admitted to bail pending the determination of the proceeding.

[1] Petitioner alleges that he was convicted in the justice's court of the offense of unlawful possession of intoxicating liquor; that on the twenty-first day of May, 1925, judgment was entered against him as follows: "It is ordered and adjudged that the defendant, Luke M. Glavich, pay a fine of $500 or be imprisoned in the county jail 500 days"; that petitioner is illegally imprisoned in the county jail under a commitment based upon such judgment. The contention is that the judgment is void in so far as it provides for imprisonment in default of payment of the fine. Petitioner relies upon the case of *Ex parte Baldwin,* 60 Cal. 432, holding that a judgment couched in similar language was void as to the provision therein for imprisonment. In *Ex parte Riley,* 142 Cal. 124 [75 Pac.

665], however, a judgment in essentially the same form as that in the Baldwin case was upheld.

The sheriff's return shows that he holds petitioner under a certified copy of a judgment pronounced on the twenty-first day of May, 1925. The judgment as so certified directs that the defendant be imprisoned "until the fine be duly satisfied, in the proportion of one day's imprisonment for every dollar of the fine; and on the payment of such portion of such fine as shall not have been satisfied by imprisonment, at the rate above specified, that you be discharged from custody." It is not contended that the judgment set out in the return is defective in any particular.

At the hearing herein it was shown that the justice's court pronounced judgment in the form stated in the return, signed a written memorandum thereof in the same form and filed it with the papers in the action, but that the justice of the peace made only a "synoptical entry of said judgment in his docket" in the form alleged in the petition herein. After petitioner made this application for a writ of *habeas corpus,* the justice's court corrected the entry of the judgment by setting it forth in full as it appears in the sheriff's return. The justice's court has power to amend its records so as to make them speak the truth with respect to a judgment which it has actually pronounced. (*Wildenhayn* v. *Justice's Court,* 34 Cal. App. 306 [167 Pac. 305].) The contentions of petitioner are unsubstantial and relate to form only.

The writ is discharged and the petitioner is remanded to the custody of the sheriff.

Hart, J., concurred.