[Crim. No. 1389. First Appellate District, Division One.—April 2, 1927.]

## In the Matter of the Application of LOUIS BABBICK for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—PLEADING—DISMISSAL—SWEARING OF JURY—CORRECTION OF MINUTES—HABEAS CORPUS.—A petition for a writ of *habeas corpus* to secure the release of petitioner from the state prison, on the grounds that the minutes of the trial court show that petitioner was convicted on a count of an information which had been dismissed on motion of the district attorney and that the minutes fail to show that the jury was sworn, will be denied where the return to the petition shows that the minutes of the trial court have been corrected to speak the truth, and as corrected it appears therefrom that it was a different count of the information that was dismissed, and it further appears that the jury was duly sworn to try the case.

(1) 29 *C. J.*, p. 165, n. 33.

PROCEEDING in Habeas Corpus to secure the release of petitioner from the state prison. Writ discharged.

The facts are stated in the opinion of the court.

William J. Gloria and Ernest B. D. Spagnoli for Petitioner.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, and Emery F. Mitchell for Respondent.

TYLER, P. J.—The petition recites that Louis Babbick is unlawfully detained in the state prison at San Quentin by the warden thereof. [1] Proceeding it alleges that on or

about May 21, 1926, the district attorney of Los Angeles County filed an information in the superior court of said county charging petitioner in one count thereof with a violation of the provisions of section 464 of the Penal Code (burglary with explosives) and in a second count with another felony, to wit, receiving stolen goods. It is then alleged that petitioner pleaded not guilty to the information and was placed on trial in said superior court, such trial commencing July 6, 1926, and ending July 9th of the same year; that the minutes of the proceedings of said court, had during such period, show that on motion of the district attorney count one of the information was dismissed, and that petitioner was thereafter found guilty under this count as charged; that thereafter, on July 13, 1926, petitioner was sentenced to be imprisoned in the state prison at San Quentin by reason of said conviction, and that he is now confined therein. It is claimed that the judgment of conviction is void for the reason that the minutes of the trial court show that count one of the information (the count which charges violation of section 464 of the Penal Code—burglary with explosives) was dismissed and the jury thereafter found petitioner guilty of such charge.

Claim is also made that the minutes of the court fail to show that the jury was sworn to try defendant. The return to the petition shows that the minutes of the trial court have been corrected to speak the truth. As corrected, it appears therefrom that it was the second count of the information that was dismissed and not the first. It further appears that the jury was duly sworn to try the case.

It follows that the writ should be and it is hereby discharged.

Knight, J., and Cashin, J., concurred.