[Civ. No. 1459. Fourth Appellate District.—January 5, 1934.]

ROY J. WILLIAMS, Respondent, v. CALIFORNIA MILK PRODUCERS ASSOCIATION (a Corporation) et al., Appellants.

O'Connor & Findlay for Appellants.

Ralph Eckhardt for Respondent.

BARNARD, P. J.—This is an action for damages for malicious prosecution. The defendant corporation was engaged in the business of retailing milk in the city of San Bernardino and defendant Schnepp was its route foreman. About four months prior to March 3, 1932, the plaintiff entered the milk business in San Bernardino and by personal solicitation obtained some one hundred and forty customers, taking from thirty per cent to forty per cent of them from the defendants. Shortly before 4 o'clock on the morning of March 3, 1932, plaintiff delivered a bottle of milk to one of his customers, picking up five empty milk bottles from the customer's porch. As he returned to his loaded milk truck the defendant Schnepp, who had been appointed a special deputy sheriff, appeared and arrested him, although the plaintiff told him that he was delivering milk there and had a right to take the bottles. It conclusively appears that it had long been the custom in San Bernardino for all milk dealers to pick up all empty milk bottles as they delivered milk to their customers, regardless of the ownership of the bottles, turning the same in to a bottle exchange where they were sorted and returned to their respective owners. It further appears that the defendants knew of this custom, that they were themselves conforming to this practice, and that they had been in the habit of doing this very thing

at the house where the plaintiff had just delivered this milk. Schnepp compelled the plaintiff to leave his truckload of milk standing in the street and took him to the police station, where he had him booked on a charge of stealing the bottles. He told the desk sergeant to hold the plaintiff for an hour and then release him.

The plaintiff was ordered to return at 10 o'clock the same morning and, at that time, the acting police judge asked him whether he was guilty or not guilty. The plaintiff replied: "I was the fellow that got the bottles but I didn't have no intention of stealing them." The acting police judge was not called as a witness in this case, but his records were introduced, which show that he entered a plea of guilty and fined this plaintiff $10, suspending the sentence for one year. As to what occurred in the police court one of the appellant's delivery men testified as follows: "Well, as I recall it, he admitted taking the bottles and came right back by saying he was allowed to take them, didn't say he stole them, but said he took the bottles, but was supposed to take them, didn't make a direct answer, guilty or not guilty." The respondent did not know that a plea of guilty had been entered until he read it in a newspaper the next morning. He immediately consulted an attorney, who filed a motion, supported by affidavits, to cancel and set aside the plea of guilty on the ground that no such plea had been made. The motion was granted on stipulation of the city attorney, a plea of not guilty was entered and the case set down for a jury trial. After a couple of continuances the case was dismissed for failure to prosecute and this action followed. The court found in all respects in favor of the plaintiff, giving him judgment for $500, from which judgment this appeal is taken.

■ The first point raised is that the evidence conclusively shows that the prosecution for theft did not terminate favorably to the respondent. This is based upon the contention that the police judge was without power to set aside the plea of guilty which had been entered and that all subsequent proceedings in the police court were, therefore, void. The appellant relies on the case of *Plum* v. *Becket*, 120 Cal. App. 507 [7 Pac. (2d) 1111]. While it was held in that case that the setting aside of the judgment and sentence did not have the effect of setting aside the conviction which

had been had on the merits, the remedies of a motion for a new trial and a motion for arrest of judgment not having been used, we see in that case nothing to support the proposition that where the basic proceedings are void they may not be set aside by a proper procedure. In that case, when the judgment and sentence were set aside, a conviction on the merits still remained. In the case now before us, when the judgment was set aside nothing remained but the entry of a plea of guilty when all of the evidence shows that such a plea had not, in fact, been made. It appears that the ordinary remedies of a motion for a new trial and a motion for arrest of judgment were not available to the respondent, since these motions are purely statutory and the statutory grounds did not here exist. Under such circumstances the statutory remedies have no application and a procedure based upon the common law has developed to meet the lack of a statutory remedy. This procedure has taken the form of a motion properly supported (*People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]; *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870]). In the last-named case the court said:

"It is claimed by respondent that no such proceeding is known to our practice as an application for the writ of 'error *coram nobis*', but we need not discuss this technical phase of the question, as we consider the proceeding here equivalent to a motion that the court set aside the judgment and permit the defendant to withdraw his plea of guilty upon the ground that it was extorted from him by fear of violence. That such a motion is proper we entertain no doubt. A confession of guilt obtained by duress is void and cannot be the basis for a valid judgment. The statute does not expressly provide how the action of the trial court shall be invoked for the avoidance of such a judgment, but under the authorities it is clear that the proper procedure is by motion supported by documentary or oral evidence, or both."

■ Where a plea of guilty has never been made, but has been entered either by mistake or wrongfully, the plea is void and cannot be made the basis for a valid judgment. In our opinion, a police court has the inherent power to set aside the entry of a plea of guilty when it is made to appear that the same should not have been entered and that, in fact, the defendant has not made such a plea (*Wildenhayn* v. *Justice's Court,* 34 Cal. App. 306 [167 Pac. 305];

*In re Glavich,* 74 Cal. App. 144 [239 Pac. 707]). After all, this is merely correcting the record to make it speak the truth. The respondent was not represented by an attorney in the original proceeding in the police court and as soon as he obtained knowledge that a plea of guilty had been entered, he consulted an attorney and immediate steps were taken to make the proper correction. That the contentions of the respondent with respect to the plea entered were meritorious is indicated not only by the evidence in this case, but by the action taken by the city attorney and the police judge. For the purposes of this action it must be held that the criminal proceeding, upon which it is based, terminated successfully for the respondent.

It is next contended that it appears from the evidence that the appellants had probable cause to prosecute the respondent on the criminal charge of stealing milk bottles. From the evidence it appears that appellant Schnepp knew for some time before the third of March that the respondent was active in soliciting customers and in building up a new milk route and that, on the occasion in question, he secreted himself on private property and waited until the respondent came along with his truck. The truck was fully loaded with milk and bottles, was lighted, and the respondent at the time had just completed a delivery of milk to a customer. Schnepp knew that all milk dealers collected all bottles left out by the customers and turned them in to the bottle exchange for proper sorting and delivery. His own company had always followed the same practice. At the time of the arrest he was told by the respondent that he was delivering milk to a customer and that he had the right to take the bottles. He compelled the respondent to leave his loaded truck standing in the street and took him to the police station where he ordered him held for an hour and then released. It also appears that he arrested the respondent before he looked at the bottles to see whose property they were. The evidence, with the reasonable inferences therefrom, not only supports the court's findings, but tends to show a rather flagrant case of arrest without probable cause. It is impossible to read the record without coming to the conclusion that this arrest was made solely in an attempt to further the business interests of the appellants.

The further argument is made that no malice appears. The lack of probable cause sufficiently supports an inference of malice (*Shaffer* v. *Arnaelsteen,* 54 Cal. App. 719 [202 Pac. 946]). The further facts that a well-known competitor of the arresting officer, who had an established business and was available at all times, was forced to leave his loaded truck standing in the street, that his detention was ordered for a time just sufficient to seriously interfere with a proper service to his customers, and that the charge of theft was based upon an act customarily and universally done under an arrangement to which all deliverers of milk were and had to be parties are, in themselves, sufficient to support the court's finding as to malice. The fact that the arresting officer testified that he bore no malice toward the respondent merely presents a conflict with which we are not concerned.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 5, 1934.