[Civ. No. 10517. First Appellate District, Division One.—May 6, 1937.]

JOSEPH ARNAUDO, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

672

Joseph F. O'Malley for Petitioner.

Hugh F. Mullin, Jr., and Joseph A. Branson for Respondents.

TYLER, P. J.—Application for a writ of mandate to compel the Superior Court of San Mateo County to dismiss a certain action pending before it on appeal from a judgment of the justice's court wherein petitioner was plaintiff and one A. J. Francell was defendant, which judgment was in favor of petitioner and against said defendant in the sum of $167 with costs. Contemporaneously with the filing of the complaint in the action a writ of attachment was duly issued. Defendant in order to prevent the attachment of his property deposited with the constable the sum of $315 as a cash bond to release the attachment on the property. Thereafter the case came on for trial and plaintiff recovered judgment in the sum above named. The judgment was duly entered and defendant filed a notice of appeal. The petition alleges that defendant failed and omitted to file the required undertaking within the time necessary to make the appeal effective. It further appears from the petition that the justice of the peace before whom the action was tried and the judgment rendered made an *ex parte* order directing the constable to pay into his court the sum of $315 theretofore deposited by defendant for and on his behalf as a cash bond to prevent the attachment of his property, and in the order the justice stated that the same was to be a deposit on appeal from the

judgment in lieu of a bond on appeal. A copy of the proceedings as they appeared in the docket of the justice's court was certified and transmitted by the justice to the clerk of respondent Superior Court with the papers on appeal and their respective dates of filing. From this record it appeared the judgment was rendered on December 26, 1936, and a notice of appeal filed the same day, and that the sum of $315 was not paid by the constable into court until January 2, 1937. Thereafter, on the 2d day of February, 1937, petitioner herein filed a motion to dismiss the appeal upon the ground that no proper or any undertaking was filed within five days as required by the provisions of section 978a of the Code of Civil Procedure. The further claim was made that the justice had no power or authority to direct the money, held by the constable as a cash bond to prevent the levy of the attachment, to be paid into court in lieu of the filing of the required undertaking on appeal provided for by law. After hearing, respondent court refused to dismiss the appeal and the present proceeding was instituted by petitioner to compel it to do so.

The same points are here urged in support of the petition as were argued in the court below upon the motion to dismiss. Upon the hearing of the motion to dismiss the justice of the peace filed with the respondent Superior Court an affidavit of correction of his docket to the effect that the notice of appeal and the order directing the constable to pay into court the sum he held in lieu of the attachment was made on the 28th day of December, 1936, and not on the 26th of December. This being so, the deposit was made by the constable within the five-day requirement. It is well settled that justices' courts, as well as courts of record, have the inherent power to amend and correct their records so as to make them speak the truth with respect to actual entries and orders which have been made either through inadvertence or error. (*Wildenhayn* v. *Justice's Court*, 34 Cal. App. 306 [167 Pac. 305]; *Williams* v. *California Milk Producers Assn.*, 136 Cal. App. 172 [28 Pac. (2d) 59].) Nor do we think there is any merit in the claim that the justice had no power to order the sum held by the constable under the circumstances narrated to be paid into court in lieu of a bond on appeal. In this connection petitioner argues that he had a vested interest in the sum and the order deprived him of

his property without due process of law. Conceding his interest, the order in no manner affected or impaired any right he may have had to the property whether vested or contingent. Section 978 of the Code of Civil Procedure providing for a cash deposit on appeal provides that the amount shall be the sum of $100 plus the value of the property, including all costs. Plaintiff had judgment for the sum of $167 plus $30.10 costs. The amount therefor required by the provisions of section 978 of the Code of Civil Procedure would be the sum of $297.10 and the cash deposit of the sum of $315 more than satisfies this requirement. The giving of an additional bond under the circumstances would be an idle and useless act and work a hardship on appellant.

The writ is denied.

Knight, J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1937.