[Crim. No. 3320.   Third Dist.   Feb. 7, 1962.]

In re CARL A. ROBERTS et al. on Habeas Corpus.

Robert L. Barbour for Petitioners.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Respondent.

SCHOTTKY, J.—This is a petition by Carl A. Roberts and Robert L. Nellessen for a writ of habeas corpus to secure their release from the county jail of Tehama County where each is

presently serving a term of imprisonment after judgments of conviction of petty theft were imposed by the Justice Court for the Red Bluff Judicial District.

Each was tried and convicted in the justice court by the court sitting without a jury for the crime of petty theft. No appeal was taken from the judgments of conviction.

On December 13, 1961, petitioners herein sought to obtain a writ of habeas corpus from the Superior Court of Tehama County, alleging that the convictions were obtained in violation of their constitutional rights. A writ of habeas corpus was issued returnable on December 15, 1961. A return was filed by the sheriff and several hearings were held in the matter. On December 18, 1961, the superior court remanded the matter to the justice court for further proceedings to establish the docket and record of the proceedings in the lower court. This was done, and on December 20, 1961, the record of such proceedings was transmitted to the superior court. After a further hearing in the superior court on December 21, 1961, the writ of habeas corpus was discharged and petitioners remanded to the custody of the sheriff.

Petitioners each contend they are illegally confined in that at their arraignment in the justice court they were not advised of their legal rights (i.e., right to counsel, right to a continuance, right to trial by jury, right to a speedy trial, right to time to prepare for trial, right to compulsory process) ; that they did not waive such rights and although a purported trial was had that no finding of guilt was made by the justice court; and that they were ordered confined in the county jail of Tehama County.

It appears from the record that on December 13, 1961, they filed an application for habeas corpus in the superior court which was issued returnable December 15, 1961. On December 14, 1961, the judge of the justice court made an order correcting the docket entries *nunc pro tunc* to show the petitioners were advised of their legal rights, including their right to counsel, which was waived; that they were arraigned, waived time to plead, and entered a plea of not guilty; that they chose to be tried by the court without a jury; and that they were tried, found guilty and sentenced.

On December 15, 1961, the habeas corpus matter was heard in the superior court. On this day the clerk of the justice court appeared with the docket records, including a second *nunc pro tunc* order, which showed the witnesses who testified at the trial. After a further hearing the superior court re-

manded the matter for the purpose of having the record established. The judge of the justice court at a hearing at which no evidence was produced corrected the record to show what occurred. On a further hearing before the superior court the record of the justice court was accepted, the writ discharged, and the petitioners remanded to custody.

Petitioners contend that they were denied due process by these proceedings and seek their release.

The principal question involved in this proceeding is whether or not the judge of the justice court had the right to correct his records *nunc pro tunc* to show that petitioners had been advised of their legal rights.

A court of general jurisdiction has power after final judgment and regardless of lapse of time to correct clerical errors or misprisions in its records, whether made by the clerk, counsel or the court itself, so that such records will conform to and speak the truth. (3 Witkin, Cal. Procedure, p. 1896; *People* v. *Bueno,* 177 Cal.App.2d 235 [2 Cal.Rptr. 62]; *People* v. *Toney,* 192 Cal.App.2d 711, 725 [13 Cal.Rptr. 756]; *People* v. *Ward,* 141 Cal. 628 [75 P. 306].) This rule applies to justice courts as well as other courts. (*Arnaudo* v. *Superior Court,* 20 Cal.App.2d 671 [67 P.2d 700]; *Wildenhayn* v. *Justice's Court,* 34 Cal.App. 306 [167 P. 305]; *Williams* v. *California Milk Producers Assn.,* 136 Cal.App. 172 [28 P.2d 59].)

This inherent power of the court is not suspended by the pendency of an appeal or a habeas corpus proceeding. (*In re Mize,* 11 Cal.2d 22 [77 P.2d 472]; *In re Barnes,* 127 Cal. App. 708 [16 P.2d 309]; *In re Glavich,* 74 Cal.App. 144 [239 P. 707]; *In re Babbick,* 82 Cal.App. 172 [255 P. 200].)

The error in the entries on the court's docket or minutes may be shown by any competent evidence, including the trial judge's statement based on his own recollection or even the affidavit of a shorthand reporter. (3 Witkin, Cal. Procedure, p. 1899; *Kaufman* v. *Shain,* 111 Cal. 16 [43 P. 393, 52 Am.St. Rep. 139].) The failure to enter a docket entry within the time specified by law "shall not affect the validity or effectiveness of the entry." (Gov. Code, § 71614.5.) As this court said in *Meyer* v. *Porath,* 113 Cal.App.2d 808 [248 P.2d 984], at page 811: "It is well settled that orders may be made correcting judgments *nunc pro tunc* as of their original date without notice and on the court's own motion so as to make them conform to the judicial decisions actually made and this regardless of the lapse of time. (*LaMar* v. *Superior Court,* 87

Cal.App.2d 126 [196 P.2d 98]; *Benway* v. *Benway,* 69 Cal. App.2d 574 [159 P.2d 682]; *Estate of Goldberg,* 10 Cal.2d 709 [76 P.2d 508].) ■■ It is also settled that when the occasion arises courts not only have the power to amend such orders and judgments, but are under the definite and manifest legal duty so to do. (*LaMar* v. *Superior Court, supra.*) This power exists independently of statute. (*Bastajian* v. *Brown,* 19 Cal.2d 209 [120 P.2d 9].)''

■■ In the instant matter an examination of the rough notes of the judge upon which the original docket entries were based clearly discloses that the clerk erred in her original docket entries, which fact was further substantiated by her testimony at the habeas corpus hearing in the superior court.

It is apparent from an examination of the notes made by the judge of the justice court that a very brief summary of the proceedings had was set forth therein and even those were not correctly reflected in the original docket entries made by the clerk of said court.

That the instant corrections were not to be considered judicial errors but merely clerical errors is also apparent and borne out by the original notations on the complaints. Here the facts were solely within the knowledge of the judge of the justice court. The clerk was not present at the time of the proceedings and her docket entries were based on the judge's abbreviated notes. These were contained on the face of the complaint in each case and admittedly differ from the original docket entries purportedly based thereon. Hence, it is apparent on the face of the record that a clerical error had occurred and could be corrected by the judge on his ex parte orders.

Moreover, in the instant matter a hearing was had in the superior court on the habeas corpus proceedings at which petitioners were represented by counsel, and they had full opportunity to present evidence contrary to the statements contained in the affidavit of the judge or his statements at the time of the remand. On the conflict between the petitioners' statements and that of the judge, it is apparent that the superior court judge found in favor of the credibility of the judge of the justice court. It should also be noted that at the time the matter was remanded to the justice court for the settling of the record petitioners were present with counsel and had full opportunity to challenge the statements of the judge but instead merely objected to the entire procedure.

We are convinced that the record fails to support the contention of petitioners that their convictions resulted from a

lack of due process of law as to them and that their petition for a writ of habeas corpus should be denied.

The order to show cause heretofore issued is discharged, and the petition for a writ of habeas corpus is denied.

Peek, P. J., and Pierce, J., concurred.