[Civ. No. 28674.   Second Dist., Div. Two.   Nov. 24, 1964.]

JUNE BOGART, Petitioner v. THE SUPERIOR COURT OF LOS ANGELES, Respondent; THE PEOPLE, Real Party in Interest.

Dahlstrum & Walton and Richard A. Walton for Petitioner.

No appearance for Respondent.

William B. McKesson, District Attorney, and Robert J. Lord, Deputy District Attorney, for Real Party in Interest.

ROTH, P. J.—On or about February 27, 1964, the Grand Jury of Los Angeles County indicted petitioner for one (1) count of conspiracy, nine (9) counts of grand theft and thirty (30) counts of forgery.

By this proceeding in prohibition petitioner seeks to restrain the Superior Court of Los Angeles County from proceeding with the criminal action.

curred in by 14 grand jurors, as required by Penal Code, section 940, and that the trial court is thus without jurisdiction to proceed with the action.

The record initially filed with the petition, did not contain a transcript of the indictment proceedings. When brought before us, however, we note that it shows that the indictment was returned before Judge Joseph A. Wapner, in the presence of 20 members of the grand jury and endorsed as a "true bill." The original minute entry in the Superior Court's minutes indicates that the foreman of the jury expressly stated that 12 or more were present and concurred in the indictment. Petitioner correctly argues that it cannot be determined from this entry whether 14 jurors in fact concurred in the indictment or whether it was 12 or 13.

However, on August 17, 1964, the minute entry was amended *nunc pro tunc* by Judge Bernard Lawler, to delete the word "Twelve" and to substitute the word "Fourteen" as the number of grand jurors concurring in the indictment.

Upon oral argument of the petition, both sides agreed that the only question in regard to the validity of the *nunc pro tunc* amendment was whether the trial court abused its discretion in making the amendment. We therefore allowed each party to augment the record with supplementary briefs on this issue.

The reporter's transcript of the indictment proceedings now before us, plus the affidavit of Judge Wapner, shows conclusively that 14 or more grand jurors participated in and concurred in the indictment as required by Penal Code, section 940. The *nunc pro tunc* amendment was therefore correctly entered under the inherent power of the court to correct clerical errors in its records so as to reflect the true facts. (*In re Roberts*, 200 Cal.App.2d 95 [19 Cal.Rptr. 147]; Witkin, Cal. Crim. Procedure (1963) 622.)

Petitioner also contends that the court lacks jurisdiction to try counts XXXII, XXXIII and XXXIV, each of which charged forgery, since the grand jury transcript clearly shows that the acts therein charged occurred in Orange County.

We agree.

Penal Code, section 777 provides in part that the jurisdiction of every public offense "is in any competent court within the jurisdictional territory of which it is committed." Penal Code, section 691, subdivision 3, defines jurisdictional territory, in the case of a superior court, as the county in which such court sits. ■ Thus, the Superior Court of Los An-

geles County is without jurisdiction to try the three counts which occurred in Orange County. (*People* v. *Gerundo*, 112 Cal.App.2d 863, 866 [247 P.2d 398].)

In all other respects we have found the indictment to be sound.

The alternative writ is discharged. Let a peremptory writ of prohibition issue, limiting, restricting and prohibiting the trial court from proceeding in the matter as to counts XXXII, XXXIII and XXXIV of said indictment.

Herndon, J., and Kincaid, J. pro tem.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 20, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.