Filed 12/4/15  Slesinger v. Walt Disney Co. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| STEPHEN SLESINGER INC., | B259686 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC022365) |
| v. | |
| THE WALT DISNEY COMPANY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Affirmed.

Mintz Levin Cohn Ferris Glovsky & Popeo, Andrew D. Skale and Ben L. Wagner, for Plaintiff and Appellant.

O'Melveny & Meyers, Daniel M. Petrocelli and Cassandra L. Seto, for Defendant and Respondent.

_____

Stephen Slesinger Inc. appeals from an order denying its motion to modify or vacate the renewal of a 10-year-old judgment in favor of respondent Walt Disney Company.  Appellant argues that the court clerk's entry of a dollar amount on a preexisting judgment awarding costs cannot create a valid money judgment without a prior written court order that finally determines the total amount of the cost award.  Alternatively, appellant argues that the renewed judgment should not include interest accrued before the hearing on appellant's motion.  We shall affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In 1991, appellant sued respondent for breach of a licensing agreement and fraud, based on respondent's alleged nonpayment of royalties for the right to use characters from A.A. Milne's children's book *Winnie the Pooh*.  (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 740.)  Appellant used a private investigator to obtain confidential records from respondent's offices and dumpsters, and a facility operated by its document disposal contractor.  (*Ibid.*)  The lawsuit eventually was dismissed as a terminating sanction for appellant's misconduct.  The signed judgment, filed on April 5, 2004 (hereafter, the original judgment), awarded costs in favor of respondent, but left the exact amount of costs blank.

Respondent filed a memorandum of costs, and appellant moved to tax some items listed in the memorandum.[1]  At a hearing on March 14, 2005, the court reduced the cost award as to some items and awarded the full cost as to others.  On March 22, 2005, the court issued a minute order and statement of decision on two cost items it had taken under submission.  On March 25, 2005, respondent filed a notice of ruling, which was served on appellant's counsel.  The notice reviewed in detail the grounds on which respondent was entitled to recover costs.  It included summaries of the court's March 14 ruling and March 22 order, and a total cost award of $368,033.56, which consisted of the

---

[1] The motion to tax costs was heard by a different judge than the one who signed the original judgment. ~(CT 93, 107)~

2

amounts awarded by the court and the amounts of unchallenged cost items, to which respondent claimed automatic entitlement. Appellant requested clarification of one cost item covered in the March 22 order. In a minute order issued on April 11, 2005, the court declined to change the amount of costs awarded for that item.

The original judgment was affirmed in *Stephen Slesinger, Inc. v. Walt Disney Co.*, *supra*, 155 Cal.App.4th 736. The California Supreme Court denied review in January 2008. In September 2008, the trial court clerk faxed respondent a copy of the judgment that included the handwritten amount of costs (hereafter, the nunc pro tunc judgment). In July 2008 and October 2013, respondent made unsuccessful demands for payment.

In March 2014, respondent filed a renewal of judgment for the principal amount of $368,033.56, plus interest accrued since March 22, 2005. Appellant moved to vacate the renewed judgment on several grounds, one of which was that the cost award was never entered on the judgment nunc pro tunc. Respondent found a copy of the nunc pro tunc judgment in its files. Appellant claimed it had not been served with a copy of that judgment and could not find it in the court's files. Appellant also argued the nunc pro tunc judgment was not a valid money judgment because there was no written court order setting out the total cost award. Respondent located the nunc pro tunc judgment in the court files, obtained a court-certified copy and provided it to appellant. At the hearing on appellant's motion to vacate, appellant's counsel conceded the accuracy of the cost award amount, but challenged the procedure by which it had been included in the judgment. The court found there was no basis for vacating the renewed judgment and denied the motion. It also denied appellant's request not to add the accrued interest to the renewed judgment.

This appeal followed.

### DISCUSSION

A money judgment is enforceable for 10 years from the date of its entry and may be renewed for another 10 years. (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200–201, citing Code Civ. Proc., §§ 683.020, 683.030; 683.110 et seq.)

3

A trial court may vacate the renewal of a judgment "'on any ground that would be a defense to an action on the judgment.'" (*Fidelity Creditor Service, Inc. v. Browne*, at p. 201, citing Code Civ. Proc., § 683.170, subd. (a).) "The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under section 683.170. [Citations.] On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion. [Citation.]" (*Fidelity Creditor Service, Inc. v. Browne*, at p. 199.) We independently review issues of law. (See *id.* at pp. 199–200; see also *Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 264.)

Code of Civil Procedure section 680.270 defines a money judgment as "that part of a judgment that requires the payment of money." The amount of any judgment must be computed and stated in "dollars and cents." (*Id.*, § 577.5.) It must be stated with certainty. (*In re Estate of Kampen* (2011) 201 Cal.App.4th 971, 986.) Contrary to appellant's contention, the nunc pro tunc judgment in this case is a money judgment because, on its face, it requires the payment of $368,033.56, a sum certain stated in dollars and cents.

Where the judgment awards costs, but the amount of the award is determined at a later time, the court clerk enters the amount after it is determined by the court. (*Lucky United Properties Investments, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 642, citing Cal. Rules of Court, rule 3.1700(b)(4) ["After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment"].) The normal procedure for entering the amount of costs in the judgment has been described as follows: "After the parties file their memoranda of costs and any motions to tax, a postjudgment hearing is held and the trial court makes its determination of the merits of the competing contentions. When the order setting the final amount is filed, the clerk enters the amounts on the judgment nunc pro tunc." (*Grant v. List &*

4

*Lathrop* (1992) 2 Cal.App.4th 993, 996–997, citing former Cal. Rules of Court, rule 870(b)(4)[2]; see also *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369.)

Appellant posits that a court order computing the final amount of costs is absolutely required before the clerk can enter the amount on the judgment, and that the nunc pro tunc judgment is invalid because no such order was filed in this case. Although respondent's March 25, 2005 notice of ruling lists the total amount of costs, appellant cites the proposition that "[a] notice of ruling is not an order; an order is a document which contains a direction by the court that a party take or refrain from action, or that certain relief is granted or not granted [citations] and which is either entered in the court's permanent minutes or signed by the judge and stamped 'filed.'" (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179.)

The requirement that a court order be memorialized in a written document exists because an "oral ruling on a motion does not become effective until it is filed in writing with the clerk or entered in the minutes," and the court may change it in the interim. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170.) Stated in other words, an interim ruling that is subject to change cannot be final and appealable. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.) However, what determines the finality of an order is the substance and effect of the adjudication, rather than its form. (*Ibid.*)

Here, the only oral ruling was rendered at the March 14, 2005 hearing. Even that ruling was based on a tentative decision, which the court stated would stand except for the two items taken under submission. During the hearing, the court repeatedly referenced the minute order it expected the clerk would issue. From the briefing and record before us, it is unclear why the tentative decision was not filed or a minute order

---

[2] Former California Rules of Court, rule 870(b)(4), the predecessor to rule 3.1700(b)(4), was similar; it provided: "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk shall enter the costs on the judgment forthwith." (See *UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1039 [Italics omitted], quoting Cal. Rules of Court, rule 870(b)(4).)

was not issued to memorialize it. However, there is no indication that the court intended to, or did, change its ruling at any time.

At oral argument, appellant characterized the absence of a written court order computing the total amount of costs as a jurisdictional issue. The existence of such an order is relevant only to the jurisdiction of the reviewing court; it does not affect the jurisdiction of the lower court. (See *Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 696; *Shpiller v. Harry C's Redlands*, *supra*, 13 Cal.App.4th at p. 1179.) A cost award may be appealed either from the original judgment, even if the amount is determined during the pendency of the appeal, or from the post-judgment order determining the amount of the award. (*Grant v. List & Lathrop*, *supra*, 2 Cal.App.4th at p. 998; *UAP-Columbus JV 326132 v. Nesbitt*, *supra*, 234 Cal.App.3d at p. 1040.)

Appellant did not challenge the cost award on appeal from the original judgment, and is now, in effect, attempting to collaterally challenge its validity. In *Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, the court held that the reporter's transcript of a hearing on a motion for attorney fees, along with a notice of ruling, was sufficient to confirm the existence of a legally cognizable order awarding attorney fees, which precluded a collateral challenge to the reasonable value of the legal services covered by the award in a subsequent malicious prosecution action. (*Id*. at pp. 83, 95.) Similarly, here, the reporter's transcript of the March 14, 2005 hearing and respondent's notice of ruling sufficiently show that the court adopted its tentative decision as to the items awarded at the hearing and that it intended that its rulings be entered into the minutes.

There is no indication that the absence of a minute order memorializing the court's rulings at the March 14, 2005 hearing was due to anything other than clerical oversight. Clerical error does not affect the effectiveness of the court's rulings and may be corrected at any time. (See Gov. Code, § 69844 ["The clerk of the superior court shall keep the minutes and other records of the court, entering at length within the time specified by law, or forthwith if no time is specified, any order, judgment, and decree of the court which is required to be entered and showing the date when each entry is made. Failure to so enter the date or failure to enter the order, judgment, or decree within the time

6

specified in this section shall not affect the validity or effectiveness of the entry"]; *Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1204 [trial court retains inherent power to correct clerical error at any time to reflect intended adjudication].)

Appellant suggests that borrowing the total amount of the cost award from the notice of ruling, or combing the record to add up the amounts awarded by the court to the unchallenged items in respondent's cost memorandum exceeded the clerk's powers. Appellant is correct that court clerks have no power or discretion to perform judicial duties and "must act in strict conformity with statutes, rules, or orders of the court." (2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 361, p. 462.) On this record, however, there is no reason to conclude that the clerk exceeded its powers when it entered the total award reflected in the notice of ruling. The clerk had a duty to enter costs for the unchallenged items in respondent's cost memorandum. (Cal. Rules of Court, rule 3.1700(b)(4).) As to the challenged items, it is presumed that the clerk performed its official duty in conformity with the court's direction. (Evid. Code, § 664.) The determination of what amounts to award for challenged items was made by the court, not the clerk; adding up the already determined amounts was a ministerial act that required no exercise of judicial discretion. The nunc pro tunc judgment is not invalid for lack of jurisdiction on the part of the trial court, and was not an abuse of the clerk's authority.

Even assuming that it would have been better practice for respondent to submit a proposed order for the total amount of costs, as opposed to a notice of ruling, a procedural irregularity does not require reversal absent a miscarriage of justice. (Cal. Const., art. VI, § 13; see *Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833.) Appellant did not challenge the notice of ruling as incorrect when it was filed, and does not now dispute that the notice reflects the correct amount of costs to which respondent was entitled under its memorandum of costs and the court's rulings on the motion to tax costs. Under the circumstances, it is not unfair to hold appellant responsible for that amount.

Appellant argues that no interest should be added to the renewed judgment because it had no notice of the nunc pro tunc judgment. The entry of a cost amount nunc pro tunc is retroactive to the entry of the original judgment. (*Lucky United Properties*

7

*Investments, Inc. v. Lee*, *supra*, 213 Cal.App.4th at p. 642; *Bankes v. Lucas*, *supra*, 9 Cal.App.4th 365, 369; *Grant v. List & Lathrop*, *supra*, 2 Cal.App.4th at pp. 996–997.)[3] The interest on an unpaid money judgment accrues automatically by force of law from the entry of judgment. (Code Civ. Proc., § 685.010, subd. (a); *County of Los Angeles v. Salas* (1995) 38 Cal.App.4th 510, 515.) Respondent argues appellant is chargeable with knowledge that interest was accruing on the unpaid judgment as a matter of law. (*In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1061.)

Appellant claims, however, that what is at issue in this case is not ignorance of the law, but ignorance of the fact that the amount of the award was entered on the judgment. It relies on *In re Marriage of Mosley* (2010) 190 Cal.App.4th 1096, 1103, where the court concluded it would be unfair to run the 180-day outside time limit for filing an appeal from the date an order was stamped filed, where the order was misplaced and not publicly accessible for several months after the stamped file date, despite diligent efforts by the appellant in that case to obtain a copy of the order. Here, in contrast, although appellant obtained a note from the superior court that the volume containing the nunc pro tunc judgment could not be located in the court archives, there is no evidence that the judgment itself was misplaced and publicly inaccessible. In fact, at the hearing on appellant's motion to vacate, respondent represented that it had no difficulty finding the judgment in the archives.

In addition, unlike *In re Marriage of Mosley*, *supra*, 190 Cal.App.4th 1096, the record in this case does not show that appellant diligently attempted to obtain a copy of

---

[3] Appellant cites *Khazan v. Braynin* (2012) 206 Cal.App.4th 796, which questioned the propriety of including the amount of a cost award in a judgment nunc pro tunc. That decision was vacated upon grant of rehearing and is not citable. (See Cal. Rules of Court, rules 8.268(d) & 8.1115(a); see also *Townsend v. Townsend* (2009) 171 Cal.App.4th 389, 405–406, fn. 11.) *In re M.M.* (2007) 154 Cal.App.4th 897, 911, fn. 10, on which appellant relies to justify the citation, reviews citation rules applicable to federal court decisions.

In any event, in the renewed judgment, respondent claimed interest only from March 22, 2005, the date of the court's written decision on costs, rather than from April 5, 2004, the date of entry of the judgment.

the nunc pro tunc judgment from the court during the decade preceding its renewal. In correspondence that the parties' attorneys exchanged in late 2013 and early 2014, appellant's attorney claimed to be unaware of the existence of a final judgment on costs, and respondent's attorney took the position that the written order on costs was the equivalent of a money judgment. Appellant suggests that respondent intentionally kept the nunc pro tunc judgment a secret. Reviewing the record in the light most favorable to the order on appeal (*Fidelity Creditor Service, Inc. v. Browne*, *supra*, 89 Cal.App.4th at p. 199), we see nothing that prevented appellant from independently checking with the court whether the amount of the cost award had been entered on the judgment.

To the extent appellant complains that the entry of costs on the judgment was made with considerable delay and without notice, there is no evidence when the clerk made the entry. Appellant relies on the fact that the nunc pro tunc judgment was faxed to respondent in 2008 to infer that the cost award was entered at that time on respondent's request. We need not draw such an inference, but even were we to do so, the delay on the clerk's part does not affect the validity or effectiveness of the judgment. (See Gov. Code, § 69844.) A judgment may be corrected nunc pro tunc at any time without notice to conform with the adjudication. (See *In re Roberts* (1962) 200 Cal.App.2d 95, 97.) Appellant has been on notice since 2004 that the original judgment awarded costs against it, and it has had actual notice of the amount of the award since 2005. We see no reason to strike the accrued interest from the renewed judgment under the circumstances.

**DISPOSITION**

The order is affirmed.  Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


MANELLA, J.


COLLINS, J.

10