Filed 5/24/24  P. v. Fenstermacher CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON LEE<br>FENSTERMACHER,<br><br>    Defendant and Appellant. | 2d Crim. No. B326172<br>(Super. Ct. No. 17CR80001)<br>(Santa Barbara County) |

Penal Code[1] section 1172.75 retroactively invalidates prior prison term enhancements (§ 667.5, subd. (b)) for prisoners currently serving time for such enhancements.  In 2017, Jason Lee Fenstermacher was convicted of robbery (§ 212.5, subd. (a)) (count 1); burglary (§ 459) (count 2); and impersonating an officer (§ 538d, subd. (a)) (count 3).  For count 1 the court imposed two prior serious felony enhancements (§ 667, subd. (a)); an out-on-bail enhancement (§ 120221.1, subd. (b)); and *two one-year prior*

_____

[1] All statutory references are to the Penal Code.

*prison term enhancements* (§ 667.5, subd. (b)), which the court stayed.  Fenstermacher appeals a judgment following the trial court's 2023 order denying his request for a full resentencing hearing under section 1172.75.

Fenstermacher fell within the purview of the three strikes law.  The trial court imposed an aggregate sentence of 20 years for this case and 13 years four months for a companion case, yielding a total aggregate sentence of 33 years four months.

We conclude that Fenstermacher is not eligible for a full resentencing hearing under section 1172.75 because his prior prison term was dismissed.  We affirm.

FACTS

In 2022, the California Department of Corrections and Rehabilitation (CDCR) issued a notice to the trial court containing a list of currently incarcerated individuals "who are potentially eligible for resentencing pursuant to Senate Bill [No.] 483."  (§ 1172.75.)

The trial court scheduled a hearing to determine if Fenstermacher was eligible for resentencing under section 1172.75 because his sentence included prior prison term enhancements that were invalidated by Senate Bill No. 483.

The People claimed Fenstermacher was ineligible for resentencing.  They said section 1172.75 applies to individuals in custody who are "currently serving a term for a now-invalid sentencing enhancement," but Fenstermacher was not currently "serving a term for his [section 667.5, subdivision (b)] priors" because those two one-year priors were "*stayed*, not *imposed*."

Fenstermacher claimed he was entitled to a full resentencing hearing pursuant to section 1172.75.

The trial court ordered the clerk to "modify the abstract" to reflect that the enhancements were stricken. The court said its intent at the time of the original sentencing was to strike the enhancements. "They weren't imposed. That's clear." The court did not otherwise conduct a resentencing hearing.

## DISCUSSION

### Section 1172.75

"Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.7, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' " (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 42.) "Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement." (*Ibid.*) "Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' " (*Ibid.*)

" 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' " (*People v. Rhodius, supra*, 97 Cal.App.5th at p. 42.) "Section 1172.75, subdivision (d)(1), provides in part, 'Resentencing pursuant to this section shall result in a *lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*, unless the court finds by clear and convincing

evidence that imposing a lesser sentence would endanger public safety.' " (*Id*. at pp. 42-43, italics added.)

In *People v. Rhodius*, *supra*, 97 Cal.App.5th at page 44, the court held section 1172.75 authorizes resentencing where the prior prison term enhancement is imposed and added time to the sentence, but not to cases where the enhancement was stayed. "[T]o interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id*., at p. 49.)  The court ruled, "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence.  The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed.  If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id*. at p. 44.)  The statute does not authorize a trial court "to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Ibid*.)

Section 1172.75 is directed to defendants who are *serving time* for an invalid enhancement.  Section 1172.75, subdivision (b)(1) requires CDCR to give notice "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and *are currently serving a sentence based on the enhancement*.  For purposes of this paragraph, all other enhancements shall be considered to have been *served first*." (Italics added.)  Therefore, the critical factor is serving time for the enhancement, not the mere existence of a stayed enhancement.

4

The *Rhodius* court examined the legislative history of section 1172.75.  It noted that the Senate Committee on Revision of the Penal Code expressed its concern that " '[e]nhancements *add time to a person's sentence*." (*People v. Rhodius*, *supra*, 97 Cal.App.5th at p. 45, italics added.)  *Rhodius* held, "An inmate whose sentence was imposed and stayed is not actually serving any time based on a repealed statute . . . ." (*Id*. at p. 47.)

*People v. Christianson* (2023) 97 Cal.App.5th 300 held that section 1172.75 applies to sentence enhancements stayed and executed.

### *Correction of a Mistaken or Unauthorized Sentence*

Here we need not decide whether *Rhodius* or *Christianson* is the better reasoned opinion because neither applies.  At the 2023 hearing, the trial court said that although the abstract showed these enhancements were stayed, that was not the court's actual intent at the time of the original sentencing.  It intended to strike, not to stay, these enhancements.  It therefore ordered the clerk to modify the abstract to reflect the court's actual intent and to strike these enhancements.  It said, "[T]he original abstract is being amended to reflect *what the court intended to do at the time*." (Italics added.)  Because of this, the issue was no longer whether the enhancements were stayed or executed.  The corrected sentence eliminated the enhancements by striking them.  Fenstermacher was therefore not currently serving a sentence containing these enhancements and he did not fall within section 1172.75.

A mistaken or unauthorized sentence may be corrected at any time.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)  It may be corrected "when it ultimately [comes] to the attention of the trial court." (*People v. Cunningham* (2001) 25 Cal.4th 926,

5

1045.) "*Where a judgment fails to express the court's true intentions as they existed at the time of rendition*, the court generally has the *power to correct* the judgment to reflect those intentions." (*People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 77, italics added; *In re Roberts* (1962) 200 Cal.App.2d 95, 97 [trial court "statement based on [its] own recollection" supports the court's decision to change and correct the record even after a final judgment of conviction].)

Fenstermacher notes *Christianson* held that stayed enhancements had to be included within section 1172.75 because they "carry the potential for an increased sentence in certain circumstances" in the future. (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 399.) But that prospect is not possible here. The trial court said, "[M]y purpose was to ensure that *under no circumstances* was [Fenstermacher] going to serve an additional one year." (Italics added.)

Section 1172.75 involves enhancements that are imposed. But the statute does not cover a case such as this, where the enhancement was mistakenly entered, then eliminated because it did not conform to the trial court's intent. This is equivalent to a case where an enhancement was never imposed. It falls outside the statute into a different area of the law – the trial court's ability to correct an unintended sentencing mistake. Fenstermacher claims the only remedy mentioned in section 1172.75 is resentencing. But he has not shown the Legislature intended to eliminate the procedure for courts to correct judgments, particularly where the correction does not change the aggregate term, and it was made at a hearing where the defendant was represented by counsel.

6

Fenstermacher appears to suggest that we should reject the trial court's statements about making a sentencing mistake. The trial court said, "I didn't make it clear at the time that I was striking it. But it's clear in my mind that I didn't have the authority to impose and stay it . . . ." It said the abstract needed to be amended to be consistent with "what" it "intended to do at the time."

We start with the presumption that trial courts will truthfully explain the reasons and motivations for their actions. (*People v. Chatman* (2006) 38 Cal.4th 344, 366.) Here, only the trial court was in the position to know what *it intended* at the original sentencing hearing. A trial court's "statement based on [its] own recollection" may be relied on to uphold the trial court's decision to make the correction. (*In re Roberts*, *supra*, 200 Cal.App.2d at p. 97.)

The trial court properly exercised its authority to correct the sentence to reflect the court's true intent to strike the enhancements (*People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1205; *In re Roberts*, *supra*, 200 Cal.App.2d at p. 97), and Fenstermacher was not eligible for a full resentencing hearing.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          CODY, J.


7

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.